MECHANICS AND FARMERS SAVINGS BANK, FSB
*v.* DELCO DEVELOPMENT COMPANY,
INC., ET AL.
(15119)
(15120)

CALLAHAN, BERDON, NORCOTT, KATZ and PALMER, Js.

Argued February 10—decision released April 11, 1995

*Gerald T. Weiner,* with whom, on the brief, was *Eric Gross,* for the appellants (named defendant et al.).

*Richard E. Castiglioni,* with whom, on the brief, was *Geoffrey K. Milne,* for the appellee (substitute plaintiff Federal Deposit Insurance Corporation).

PER CURIAM. The dispositive issues in this appeal are whether the trial court properly: (1) rejected the special defense of partial payment and satisfaction of a promissory note of the defendants Delco Development Company, Inc. (Delco), Gary R. Ginsberg and Robert A. Ginsburg (defendants)[1]; and (2) calculated the interest on the debt owed by the defendants. The defendants appealed to the Appellate Court from the trial court's judgment of strict foreclosure, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

On May 17, 1988, Delco borrowed $3,500,000 from the Mechanics and Farmers Savings Bank, FSB (bank). On that same date, Delco executed a variable rate promissory note to the bank for that amount. The note was secured by a mortgage on real estate owned by Delco at 249 Putnam Avenue, Hamden. Dennis Nicotra, Gary Ginsberg and Robert Ginsburg, shareholders in Delco, signed written guarantees unconditionally guaranteeing to the bank the prompt payment of all obligations due under the note. Thereafter, the loan to Delco was restructured and the terms of the note were modified by a modification agreement among the parties dated February 21, 1990. The guarantors of the note consented to the modification and their guarantees were not affected. Subsequently, Delco defaulted on its loan and the bank instituted an action for strict

---

[1] The defendants Dennis Nicotra and Great Country Bank had failed to disclose a defense in the trial court and were defaulted. They have not appealed the judgment of the trial court.

foreclosure against Delco and for deficiency judgments against Delco and the guarantors of the note. On August 9, 1991, the Director of the Office of Thrift Supervision determined that the bank was insolvent and appointed the Federal Deposit Insurance Corporation (FDIC) as receiver. The FDIC was thereafter substituted for the bank as the party plaintiff in the foreclosure action.

Each of the defendants pleaded five identical special defenses to the plaintiff's action. In their first four special defenses, the defendants claimed, in essence, that the bank had failed to comply with certain federal regulations concerning appraisal and loan to value ratios. The trial court ruled against the defendants on their first four special defenses. Those rulings of the trial court have not been challenged by the defendants on appeal.

In their fifth special defense, the defendants claimed that the note secured by the mortgage had been partially paid and satisfied. The trial court rejected this defense and found that the amount due the plaintiff was the full amount of the note plus interest, attorney's fees and costs. The defendants contend that the trial court was incorrect in so finding.

The defendants argue that the note secured by the mortgage was partially paid and satisfied when the bank entered into a satisfaction agreement and an intercreditor agreement with Nicotra and Nicotra's other creditors in July, 1991. The defendants claim that, although they were not parties to those agreements, they, nevertheless, should be the beneficiaries of the reduction of $2,024,000 in the amount of the debt due the bank. The defendants assert that this was the value placed on the agreements by the bank and that the agreements were accepted as partial payment by the bank for the obligation secured by the mortgage.

The trial court concluded that "there is simply no legal or equitable basis upon which the defendants can argue that an agreement negotiated by Dennis Nicotra to satisfy his debts, which apparently failed in the end, is applicable to them." The court also concluded that the defendants' fifth special defense was not valid as to the FDIC because the agreements on which that special defense was based failed to meet all the requirements of 12 U.S.C. § 1823 (e).[2] See also *D'Oench, Duhme & Co.* v. *Federal Deposit Ins. Corp.*, 315 U.S. 447, 62 S. Ct. 676, 86 L. Ed. 956 (1942). Accordingly, the court found that the FDIC was entitled to judgment on the outstanding principal amount of the note, plus interest.

The defendants also claim on appeal that the trial court improperly used the prime rate of Chase Manhattan Bank of Connecticut, the successor bank to Mechanics and Farmers Savings Bank to determine the interest rate to be applied to the note in question. The trial court concluded that substitution of the prime rate of Chase Manhattan Bank of Connecticut for that of Mechanics and Farmers Savings Bank, the prime rate

___

[2] Title 12 of the United States Code, § 1823 (e) (1989) provides: "No agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the [FDIC] unless such agreement—

"(1) is in writing

"(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution

"(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee and

"(4) has been, continuously, from the time of its execution, an official record of the depository institution."

The trial court found that the agreements failed to satisfy subdivisions (3) and (4) of 12 U.S.C. § 1823 (e).

for which the formula in the note originally provided, was reasonable under the circumstances because Mechanics and Farmers Savings Bank had ceased to exist. It therefore calculated the interest due on the basis of the prime rate of the Chase Manhattan Bank of Connecticut.

We agree with the trial court's conclusions on both issues as set forth in its thoughtful and comprehensive memorandum of decision. *Mechanics & Farmers Savings Bank, FSB* v. *Delco Development Co.*, 43 Conn. Sup. 408, 656 A.2d 1075 (1995). Because the court's memorandum of decision fully addresses the issues properly raised by the defendants in the present appeal, we adopt its decision as a statement of the facts and applicable law on these issues.[3] It would serve no useful purpose to repeat the discussion contained therein. *Greater Bridgeport Transit District* v. *State Board of Labor Relations*, 232 Conn. 57, 64, 653 A.2d 151 (1995); *Advanced Business Systems, Inc.* v. *Crystal*, 231 Conn. 378, 381, 650 A.2d 540 (1994).

The judgment is affirmed and the case is remanded to the trial court to set new law days and to order proper notice.

---

[3] The defendants also claim on appeal that the trial court improperly applied 12 U.S.C. § 1823 (e) retroactively in this case. They contend that because § 1823 (e) did not apply to the FDIC as a receiver until 1989, when that section was amended by the Financial Institutions Reform, Recovery and Enforcement Act of 1989, it should not apply in this instance. The defendants, however, failed to raise this claim at trial. We therefore will not consider it on appeal. Practice Book § 4185; *Skrzypiec* v. *Noonan*, 228 Conn. 1, 13, 633 A.2d 716 (1993) (we will not address claims not raised before trial court); *Texaco* v. *Golart*, 206 Conn. 454, 460, 538 A.2d 1017 (1988) (same); *Enquire Printing & Publishing Co.* v. *O'Reilly*, 193 Conn. 370, 378, 477 A.2d 648 (1984) (same).