[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Federal Deposit Insurance Corporation ("FDIC") brought this action as Receiver for Landmark Bank ("Landmark") against the defendants John J. Keating and Neal Landerman to collect on two demand promissory notes executed and delivered by the defendants to Landmark. The notes, respectively, are a note dated October 2, 1987 in the original principal amount of $250,000.00 (Plaintiff's Exhibit 2) and a note dated January 9, 1990 in the original principal amount of $50,000.00 (Plaintiff's Exhibit 3). By their terms, interest on each note was at a variable rate computed at the Landmark base rate plus 1.50%. Accordingly, the initial interest rate applicable to the $250,000.00 note was 10.25%, and that to the $50,000.00 note was 12.50%. Each note indicates that the stated principal amount was advanced as of its date.
The Complaint alleges, inter alia, the circumstances of plaintiff's appointment as Receiver and succession by operation of law to Landmark's assets and rights pertaining thereto, the CT Page 11241 execution and delivery by defendants of the subject notes, and pertinent data regarding defendants' default thereunder. Copies of the notes and of plaintiff's February 1, 1993 demand letters are attached to the Complaint.
On October 12, 1994, pursuant to plaintiff's motion, this Court (Handy, J.) rendered a summary judgment in favor of plaintiff as to the issue of liability. Practice Book § 385. The issue of damages was deferred to a Hearing in Damages. This hearing was held on September 13, 1995.
The defendants presented no witnesses or evidence at this hearing. The plaintiff presented the testimony of James Golden, its Credit Specialist, familiar with and apparently internally responsible for this file. The court accepts his testimony.Brookfield v. Candlewood Shores Estates Inc., 201 Conn. 1 (1986). Defendants have made no payments at all on principal, and no payments on interest from and after the respective dates claimed.
Payment must be pleaded as a special defense. Practice Book § 164. The defendants have not done so. The Court finds the principal balances owing on each note to be that as claimed by the plaintiff, namely the respective original principal amounts of the notes. Connecticut Bank Trust Co. v. Dadi, 182 Conn. 530,531 (1980); General Statutes § 42a-3-308.
Unpaid interest on each note is claimed from respective dates occurring after the inception of the receivership. The claimed un unpaid interest, therefore, wholly accrued during plaintiff's dominion and control over the notes. The plaintiff substituted the prime rate as published in the Wall Street Journal for the Landmark base rate set forth in each note. The court finds this substitution to be reasonable. Mechanics Farmers Savings Bank,FSB v. Delco Development Co., 232 Conn. 594, 597-98 (1995);Central Bank v. Colonial Romanelli Associates, 38 Conn. App. 575,578 (1995).
Each note provides for payment of costs of collection including reasonable attorneys' fees. The court finds the $4,137.00 attorneys' fees requested by plaintiff to be reasonable, and the $405.80 requested costs to be warranted.
Accordingly, the court finds the debt to be as follows:
First Count ($250,000.00 Note) CT Page 11242
Principal balance . . . . . . . . $ 250,000.00 Interest from 5/12/91 to 9/13/95. 104,313.38 Per diem interest at 70.2055 from 9/13/95 to 9/20/95. . . . . . . 491.44 ------------ Total $ 354,804.82
Second Count ($50,000.00 Note)
Principal balance . . . . . . . . $ 50,000.00 Interest from 10/16/91 to 9/13/95 19,291.45 Per diem interest at 14.0411 from 9/13/95 to 9/20/95. . . . . . . 98.29 ------------ Total 69,389.74 Attorneys' Fees 4,137.00 ------------ Grand Total $ 428,331.56
Judgment shall enter in favor of the plaintiff against the defendants in the amount of $428,331.56, together with costs in the amount of $405.80.
DAVID L. FINEBERG JUDGE, SUPERIOR COURT