[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#115)
On October 21, 1994, the plaintiff, Centerbank, filed a nine count complaint against the defendants, Philip R. Fazzone and Adelaide B. Fazzone, alleging that the defendants have defaulted on nine promissory notes. Centerbank alleges that the Fazzones provided Connecticut Savings Bank with the nine notes, and that Centerbank is now the owner and holder of the notes. Centerbank alleges that the Fazzones have failed to pay the debts owed, and Centerbank has exercised its option of declaring the entire principal amount outstanding plus accrued interest and default interest due on each of the nine notes. Each count sets out the same allegations, changing only the amount of principal owed for each note. The complaint seeks money damages, an order of weekly payments, and costs and expenses. CT Page 4165
On July 21, 1995, the Fazzones filed an amended answer and alleged the following five special defenses: (1) payment; (2) Centerbank lacks standing; (3) breach of the obligation of good faith and fair dealing; (4) exemption of farm assets; and (5) that the Fazzones requested a marshalling of the assets in a companion suit entitled Centerbank v. Phillip R. Fazzone, CV-94-0066477, Superior Court, Judicial District of Litchfield at Litchfield, in order to satisfy their debts.
On November 20, 1995, Centerbank filed a motion for summary judgment along with the following: a memorandum of law in support of the motion, the affidavit of its Vice President, Thomas Hollinger; the affidavit of James Murphy, a Vice President of the failed Connecticut Savings Bank; the affidavit of David Etter, Senior Vice President of Centerbank; a copy of the order appointing the Federal Deposit Insurance Corporation (FDIC) as receiver of Connecticut Savings Bank, a copy of the Purchase and Assumption Agreement executed by the FDIC and Centerbank, and a copy of the Fazzones' response to Centerbank's request for disclosure and production. On January 12, 1996, the Fazzones filed a memorandum of law in opposition to the motion for summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Home Ins., Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202, 662 A.2d 1001 (1995). "In deciding on a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . ." (Internal quotation marks omitted.) Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105-06, 639 A.2d 507 (1994). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citation omitted; internal quotation marks omitted.) Home Ins., Co. v. AetnaLife Casualty Co., supra, 235 Conn. 202.
Centerbank argues that its motion for summary judgment should be granted because there are no genuine issues of material fact as CT Page 4166 to the existence of the notes, and the Fazzones' special defenses do not provide a valid legal defense to this action. Centerbank attacks the legal sufficiency of each of the Fazzones' special defenses.
The Fazzones' second special defense alleges that Centerbank lacks standing. Centerbank contends that it has a legal right in the notes, which are the subject matter of the controversy.
"[I]n the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case." Sadloski v.Manchester, 228 Conn. 79, 83, 634 A.2d 888 (1993). "[S]ubject matter jurisdiction can be raised at any time." Sawmill BrookRacing Assn., Inc. v. Boston Realty Advisors, Inc., 39 Conn. App. 444,448, 664 A.2d 819 (1995). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Golden Hill Paugussett Tribe of Indiansv. Southbury, 231 Conn. 563, 570, 651 A.2d 1246 (1995).
The Fazzones argue that Centerbank lacks standing because it has failed to sufficiently demonstrate its ownership interest in the notes. They claim that the Purchase and Assumption Agreement (Agreement) makes no mention of the notes.
The Agreement states that "the Assuming Bank hereby purchases from the Receiver, and the Receiver hereby sells, assigns, transfers, conveys, and delivers to the Assuming Bank, all right, title, and interest of the Receiver in and to all of the Acquired Assets . . . ." (Emphasis added.) (Agreement, Article III, Section 3.1). The Agreement defines "Acquired Assets" as "all assets of the Failed Bank as of Bank Closing, whether or not reflected on the books of the Failed Bank as of such time . . . ." (Agreement, Appendix A). The FDIC took over Connecticut Savings Bank on November 14, 1991, at which time all nine notes had been executed and were in the possession of the failed bank. The notes in question were, therefore, assets of the failed bank, and they are now rightfully held by Centerbank. Centerbank, therefore, has a "legal right" in the "subject matter of the controversy." Accordingly, there is no genuine issue of material fact regarding Centerbank's standing to bring this case; the court, therefore, has subject matter jurisdiction.
Centerbank also claims that the Fazzones' first special CT Page 4167 defense, alleging partial payment of the debt, fails as a defense. Centerbank contends that payment is not a proper defense to this action because the Fazzones fail to allege facts which, if true, would defeat Centerbank's action. See Practice Book § 164. Centerbank relies on Practice Book § 164 and Pawlinski v. AllstateIns. Co., 165 Conn. 1, 327 A.2d 583 (1973), for the proposition that "[i]f . . . a party seeks the admission of evidence which is consistent with a prima facie case, but nevertheless would tend to destroy the cause of action, the new matter must be affirmatively pleaded as a special defense." Pawlinski v. Allstate Ins. Co.,
supra, 165 Conn. 6. Centerbank argues that the notes are payable on demand, and so a defense of partial payment is precluded. Centerbank further maintains that even if the Fazzones are merely alleging that they have not been credited for certain payments made, the statement may be consistent with the complaint, but it fails to negate the cause of action.
The Fazzones argue that payment is a valid special defense. They also contend that material facts remain in dispute as to their payments on the notes and the exact amount of interest due and owing. They contend that not only may an allegation of payment be pleaded as a special defense, but it must be pleaded in such a manner.
Practice Book § 164 states that: "[n]o facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. Thus payment (even though nonpayment is alleged by theplaintiff) . . . must be specially pleaded . . . ." (Emphasis added.). Accordingly, payment is correctly raised by alleging a special defense.
The Fazzones also argue that there are genuine issues of material fact concerning the amounts which have been paid on the notes. The Fazzones claim that they have made payments of $649,993.27, $109,093.58, and $26,116. (The Fazzones' Memorandum of Law in Opposition to the Motion, p. 4-5). The Fazzones further contend that, with respect to the amounts due and owing, the affidavits and record evidence submitted by Centerbank are insufficient to demonstrate Centerbank's right to summary judgment as to these amounts. The Fazzones claim that there is no indication as to the basis for the amount of interest claimed by Centerbank, the amounts of per diem interest accruing, or the CT Page 4168 amount of per diem default interest allegedly accruing. The Fazzones point out that the notes were originally based on Connecticut Savings Bank's "base rate," to which were added percentage points. The bank's "base rate" was "generally defined as a rate of interest designated from time to time by Connecticut Savings Bank, which was subject to change." (Memorandum of Law in Opposition to Motion, p. 5). The Fazzones argue that Centerbank has not demonstrated the reasonableness of the interest rate used to calculate the amounts due and owing and so there is a genuine issue of material fact. See Central Bank v. Colonial Romanelli Assoc.,38 Conn. App. 575, 662 A.2d 157 (1995).
In Central Bank v. Colonial Romanelli Assoc., supra, Central Bank signed a note with the defendants. The interest on the note was to be calculated by adding 1 3/4 percent to the bank's prime rate. The bank subsequently failed and went into an FDIC receivership. The Appellate Court stated that "[w]hen Central became insolvent in October 1991, the index governing the interest rate of this note ceased to exist." Central Bank v. ColonialRomanelli Assoc., supra, 38 Conn. App. 578. The court went on to state that "the burden was on the FDIC, as successor to Central, to prove what rate it used to compute the interest charges and that the rate was reasonable. When a variable interest rate is based on the rate of a failed institution, the trial court must determine whether the substitute rate is reasonable by examining the documents and testimony offered by the plaintiff." Id. "[R]easonableness is a question of fact for the trier to determine based on all of the circumstances." Williams Ford. Inc. v.Hartford Courant Co., 232 Conn. 559, 580, 657 A.2d 212 (1995).
In the present case, Connecticut Savings Bank signed the nine notes in question with the Fazzones. The interest on these notes was to be calculated by adding a certain percentage to the bank's base rate. The bank subsequently failed and went into an FDIC receivership. Centerbank then purchased the failed bank, along with its assets and liabilities. According to the holding inCentral Bank v. Colonial Romanelli Assoc., supra, Centerbank, as the successor to Connecticut Savings Bank, has the burden of proving what interest rate it used to compute the interest charges at issue, and it must demonstrate that the rate was reasonable.
Centerbank has provided with its motion the affidavit of Thomas Hollinger, its Vice President, which sets out the amounts claimed by Centerbank. The affidavit sets out the dollar amount of interest allegedly owed, and it even sets out the dollar amount of CT Page 4169 interest charged per day. The affidavit fails, however, to state the bank's base interest rate, and it fails to state what percent is being charged in addition to the base rate. This information has not been supplied by Centerbank in any of the documents submitted to the court. Centerbank has also failed to demonstrate the reasonableness of its interest rates, and the court has not been afforded an opportunity to make a factual determination as to the reasonableness of the rates. Accordingly, Centerbank has failed to meet its burden pursuant to the holding in Central Bankv. Colonial Romanelli Assoc., supra., and genuine issues of material fact exist regarding the amount of the payments made and owing.
Because genuine issues of material fact exist as to the exact amount of the debt owed, the court need not address Centerbank's remaining arguments. In conclusion, Centerbank's motion for summary judgment is denied.
PICKETT, J.