[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from an action of the Waterbury Board of Tax Review brought by Lombardi Enterprises, Inc. against the City of Waterbury. The trial began on December 19, 1996. On that date, the City sought to introduce a computer-generated printout that contained information relating to the ownership and registration of 63 vehicles, labeled Exhibit 10 for identification. The plaintiff objected to the admission of Exhibit 10 on the grounds that it violated the rule against hearsay. The defendant claims that the computer printout should be admitted on the grounds that it satisfies the public records, business records and "catch-all" exceptions to the hearsay rule. Evidence was not completed on December 19, and the trial is scheduled to resume on March 20, 1997.
I.
The defendant claims that the computer printouts should be admitted as a public records exception to the rule against hearsay because "the ultimate source of the information contained on it" is the Waterbury police department's computer. Defendant's Brief, 4. For information to be admitted into evidence under the public records exception to the rule against hearsay it must (1) be a public record "made by an official who is legally required to keep such record, (2) the record (must be) made in the course of his CT Page 2059 official duties, and (3) he (must have) personal knowledge of the matter contained in the record." Tait LaPlante, Connecticut Evidence
(2d Ed. 1988), § 11.15.1.
The basis for the defendant's claim is that Waterbury police officer Clifford Hodak was "specially trained and certified" (Defendant's Brief, 1) to operate a computer system called NLETS, a national computer system which the defendant claims is used by police departments throughout the country. Id., 2. Unless Officer Hodak's actions of generating the printouts from the NLETS computer system actually constitute "making" the records, this claim lacks significant merit. The City of Waterbury cannot claim that Officer Hodak had "personal knowledge of the matters contained in the record", since such knowledge was obtained through information located not only in a different city, but a different state. There is no evidence as to who initially prepared the information that Officer Hodak was able to generate from his computer, or how it was prepared.
For all these reasons the public records exception to the hearsay rule does not permit the introduction of the computer records.
II.
Although the defendant's claim that the printout should be admitted as a business records exception to the rule against hearsay is more legitimate, the defendant has not established the necessary foundation to do so. "All business records, computer printouts included, must be authenticated by a competent witness, that is, by one who can testify to the statutory predicates". Tait LaPlante, supra, § 11.14.3. The foundation for such competency of witnesses requires "a person with some degree of computer expertise, who has sufficient knowledge to be examined and cross-examined about the functioning of the computer." American OilCompany v. Valenti, 179 Conn. 349, 359 (1979)
American Oil is the seminal case in Connecticut for the admissibility of computer records into evidence through the business records exception to the rule against hearsay. The court in American Oil applied the requirements of Connecticut General Statutes Section 52-180 to computer-generated printouts. The requirements are that the business record "was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act, transaction, occurrence or event or within a CT Page 2060 reasonable time thereafter." General Statutes, Section 52-180.American Oil established a general principle for courts to apply in ruling on the adequacy of the foundation for such records. "In view of the complex nature of the operation of computers and general lay unfamiliarity with their operation, courts have been cautioned to take special care `to be certain that the foundation is sufficient to warrant a finding of trustworthiness and that the opposing party has full opportunity to inquire into the process by which information is fed into the computer.' McCormick, Handbook of the Law of Evidence, p. 734 (2d Ed. 1972)." American Oil v. Valenti, supra, 179 Conn. 359.
Officer Hodak was the person who generated the printouts from the NLETS service. He testified that he was "specially trained and certified" with regards to the system, "the system is routinely used by the Waterbury Police Department", and that other police organizations throughout the country use the national computer system. Defendant's Brief, 1-2. While AmericanOil clearly stated that "it is not necessary to produce as a witness the keypunch operator who actually entered information into the computer or the programmer," it also stated that there was little case law on who a proper witness was to establish a foundation. American Oil v. Valenti, supra, 179 Conn. 360.
The court in American Oil allowed into evidence computer printouts through the testimony of a sales manager who "regularly received and reviewed monthly computer print-outs", and "had personal knowledge of the [company's] accounts." American Oil v.Valenti, supra, 179 Conn. 361. Without the sales manager's additional knowledge of the record keeping procedures and "discussions with terminal computer people", the court indicated that his position and duties in and of themselves "would not suffice" to qualify him to give foundation testimony for the printouts. Id.
The outcome of the defendant's claim to a business records exception to the rule against hearsay depends on the ability of Officer Hodak to lay a foundation for such an exception. Although Hodak may have been an expert in generating records such as Exhibit 10, the fact of the matter is that Hodak does not have any connection to the computer system that supplied the information. No information is available as to the nature of NLETS, its daily operations, its accuracy, its method of acquiring data or its reliability. Officer Hodak's knowledge of the system, which may not extend further than the ability to CT Page 2061 obtain information from a large national database, would not qualify him as one who can provide foundation for the printout's admission into evidence.
In Central Bank v. Colonial Romanelli Associates,38 Conn. App. 575, 579-560 (1995), a credit specialist with the FDIC testified regarding the contents of FDIC computer records. "He had no personal knowledge of the reliability of the computer system but merely accessed it and used the information obtained therefrom. The computer records were not admitted into evidence. Because [the witness] was not responsible for entering the data in the computer and had no opinion concerning the accuracy of the records or how they were created, his testimony was hearsay and should not have been admitted." Id.
The court in Shadhali, Inc. v. Hintlian, 41 Conn. App. 225, 228
(1996), held that the business record need not be prepared by the same organization wishing to enter it into evidence, but the exception does require that "the entrant must have a duty to that organization to prepare the record in order for it to be admissible under § 52-180." Id., 228. In Shadhali, the vice-president of a closing company, which prepared an adjustment sheet for the plaintiff, testified to establish the foundation for computer-generated printouts used by the company and "indicated that he was familiar with the procedures by which [the company] enters data into its computer system." Id., 229. The court allowed the admission of the adjustment sheets. Id.
The position of Officer Hodak could be compared to that of the vice-president of the closing company in Shadhali. Such a comparison, however, is difficult because nothing in the record indicates that Officer Hodak has any personal knowledge of the ways that NLETS acquires its information. The logical equivalent of the vice-president is an employee of NLETS, but the defendant has not offered testimony of any such individual. "The witness must be a person who is familiar with computerized records not only as a user but also as someone with some working acquaintance with the methods by which such records are made." Shawmut BankConnecticut, N.A. v. Connecticut Limousine Services, Inc.,40 Conn. App. 268, 276 (1996). Nothing has been offered to the court to indicate the methods by which NLETS makes its records.
In similar circumstances, other jurisdictions have insisted that such a proper foundation must be laid. In United States v. Scholle,553 F.2d 1109 (8th Cir. 1977), the defendant objected to the CT Page 2062 admission into evidence of computer printouts obtained from "a computer retrieval system called System to Retrieve Information from Drug Evidence (STRIDE)." Id., 1123. Testifying to the accuracy of the records was an agent of the DEA who had developed the system. Even though the developer of the system himself was the one offering foundation testimony, the Appeals Court allowed the testimony only in deference to the trial court's exercise of discretion, stating that "the foundation for reception of the evidence could have been more firm. . .". Id., 1125. The court inScholle stated that, "in evaluating the admission of the disputed printout, we must consider the reliability of what goes into the computer as well as the reliability of what comes out." Id. The City offers no evidence as to the reliability of the information that was entered into the NLETS database computer. Scholle represents strong evidence that such computer records should be able to withstand a high threshold of court scrutiny in terms of their admission into evidence as a business records exception to the rule against hearsay.
A 1978 Missouri case held that a computer printout was inadmissible as a business records exception to the rule against hearsay because it was prepared by "a stranger to the litigation, rather than the plaintiff", and the printout's "mere presence in [the] plaintiff's file" did not meet Missouri's statutory requirements for admissibility under the business records exception." Hamilton Music, Inc. v.York, 565 S.W.2d 833, 841 (1978). The court in Hamilton Music
held that the plaintiff wishing to enter the computer printout never made even a general reference to the "time, mode and manner of [the printouts] preparation" that would have proved anything other than that the printouts were "prepared elsewhere and merely found in the offerer's files." Id.
Because the defendant has failed to establish a proper foundation for introducing evidence as a business records exception to the rule against hearsay, the printout is not admissible via that exception.
III.
Finally, the defendant claims that the printouts should be admitted under the "catch-all" exception to the rule against hearsay. Defendant's Brief, 5-6. The Connecticut Supreme Court has outlined its position with regard to the "catch-all" exception in Statev. Sharpe. 195 Conn. 651 (1985). Sharpe held that there is a test which should be used to determine if otherwise inadmissible evidence should be admitted as an exception to the rule against CT Page 2063 hearsay. Id., 664. To meet this test a party must show that the information contained in the statement "may be lost either because the declarant is dead or otherwise unavailable, or because the assertion is of such a nature that the evidence of the same value cannot be obtained from the same or other sources," and that the evidence should contain information "necessary to the resolution of the case." Id., 664-665. See also State v. Tanzella,28 Conn. App. 581, 598 (1992).
As recently as 1995 the Connecticut Appellate court held that the "catch-all" exception to the rule against hearsay can be invoked when another hearsay exception is unavailable only if "(1) there is a reasonable necessity for the admission of the statement, and (2) the statement is supported by the equivalent guarantees of reliability and trustworthiness essential to other evidence admitted under the traditional hearsay exceptions." State v. Reddick,36 Conn. App. 774, 789 (1995).
As a practical matter, it may be necessary for the printout, or a similar record, to be admitted for the information contained therein to come to the trial court's attention. There is no evidence, however, that the information in the printout is supported by any of the usual guarantees of trustworthiness and reliability that support other exceptions to the hearsay rule.
The plaintiff's objection on the grounds of hearsay is sustained.
Shortall, J.