[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #112 and #115
The plaintiff instituted this action by summons and complaint seeking to foreclose on land located at 23 Haystack Circle, Waterbury, Connecticut. The plaintiff alleges that it is the holder of a note signed by the defendants and secured by a mortgage on the above land. The original note and mortgage, dated July 17, 1986, were entered into by the defendants for $50,000. Subsequently a new note was executed by the defendants for $65,000, on September 16, 1986, and the mortgage was modified on October 7, 1986. The plaintiff alleges that the FDIC was appointed as receiver of Citytrust on August 9, 1991 and assigned the note, mortgage and mortgage modification to the plaintiff on or about November 4, 1996. The plaintiff further alleges that the defendants have failed to make payment in accordance with a written demand for payment and have thereby defaulted on the note.
In response, the defendants have pleaded a number of special defenses and have also filed a counterclaim. In one of the special defenses, the defendant contends that the total amount of certain checks that Citytrust had wrongfully honored were credited by it against the note and that such credit either eliminated or reduced the balance due on same. The defendants also claim that they have tendered all monthly payments required on the modified mortgage obligation. In all, the defendants allege the following special defenses: (1) the plaintiff's conduct in continuing to prosecute this case, although it has knowledge of the above mentioned credit and payments, serves as a bar to the plaintiff's foreclosure of the mortgaged property; (2) the plaintiff breached its duty of good faith and fair dealing; (3) the plaintiff's acts are in violation of C.G.S. § 42-110b
(a) (CUTPA); and (4) the plaintiff's cause of action is barred by the applicable limitations periods set forth in C.G.S. §§42a-2-725 and 52-576. In their counterclaim, the defendants allege that (1) the plaintiff's acts breach the plaintiff's duty of good faith and fair dealing, (2) the plaintiff's acts violate CUTPA, and (3) the note and mortgage were discharged.
The plaintiff has filed a motion for summary judgment and the defendant has responded with an objection to same and a CT Page 14821 cross-motion for summary judgment.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ."Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329
(1993). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 555, 707 A.2d 15
(1998). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; internal quotation marks omitted.) Home Insurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995). See also, Associates Financial Services of America, Inc. v. Sorenson,46 Conn. App. 721, 732, 700 A.2d 107 (1997). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.) Hertz Corp. v. FederalInsurance Co., 245 Conn. 374, 381, ___ A.2d ___ (1998). "A defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact."Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 543,494 A.2d 555 (1985).
The plaintiff argues that it is entitled to summary judgment because there is no genuine issue of material fact that it is the holder of the note, mortgage and mortgage modification at issue in this case and that the defendants are in default because they have failed to make payment in accordance with the plaintiff's written demand for payment. In support of its motion for summary judgment, the plaintiff has attached copies of the original note dated July 17, 1986 and mortgage deed for $50,000, the note dated September 16, 1986 for $65,000, the mortgage modification dated CT Page 14822 October 7, 1986, the Loan Sale Agreement with the Consolidated Asset Recovery Corporation, as agent of the FDIC, a letter dated September 29, 1993 addressed to the defendant, William Hanson, notifying him that his debt had been assigned and future payments should be made to the plaintiff, demand letters dated October 11, 1996 sent to both defendants and certified return receipt, and computer printouts. In addition, two affidavits are attached, both averring to the facts alleged in the complaint. The first affidavit is from Albert A. Scott, Jr., the plaintiff's Asset Manager. The second affidavit is from Robert Grauer, the General Manager of the plaintiff.
The defendants have filed an opposing memorandum and an affidavit from the defendant, William R. Hanson, Jr. The defendants argue that the plaintiff has failed to provide sufficient, admissible evidence to support its motion for summary judgment.
In particular, the defendants argue that the plaintiff has failed to provide "evidence as to what interest rate was used to calculate the debt, and whether that rate was reasonable." (Defendants' Memorandum in Objection to Plaintiff's Motion for Summary Judgment, p 6.) "When a variable interest rate is based on the rate of a failed institution, the trial court must determine whether the substitute rate is reasonable by examining the documents and the testimony offered by the plaintiff." SKWReal Estate Limited Partnership v. Gallicchio, 49 Conn. App. 563,578, ___ A.2d ___, cert. denied, 247 Conn. 926, ___ A.2d ___ (1998), quoting, Central Bank v. Colonial Romanelli Associates,38 Conn. App. 575, 578, 662 A.2d 157 (1995). See also Mechanics Farmers Savings Bank v. Delco Development Co., Inc.,232 Conn. 594, 597, 656 A.2d 1034 (1995); Federal Deposit InsuranceCorp. v. Keating, 44 Con. App. 556, 560, 690 A.2d 429 (1997).
In Central Bank v. Colonial Romanelli Associates, supra,38 Conn. App. 577, Central Bank was declared insolvent and the FDIC was appointed receiver. The note in that case provided for interest at 1 3/4 percent over Central's prime rate. Id., 578. The court held that the index governing the note's interest rate ceased to exist when Central became insolvent. Id. Therefore, it was the FDIC's burden, as successor to Central, to prove what rate it used to calculate interest charges and that that rate was reasonable. Id. Although the FDIC provided evidence of the interest rate it charged, it failed to prove that this rate was reasonable and the case was remanded to the trial court for a new CT Page 14823 trial. Id., 578-79.
The present case is similar. The plaintiff alleges that the FDIC took the possession of Citytrust's assets and liabilities on August 9, 1991, including the notes and mortgage involved in this case. (Complaint, ¶ 6.) The note dated September 16, 1986 calls for interest to be calculated at 2.75 percentage points above Citytrust's prime rate. (Plaintiff's Memorandum in Support of Its Motion for Summary Judgment, Exhibit C.) The note indicates that Citytrust's prime rate is "a changing rate which is used by Citytrust as a standard for setting other loan rates."Id. Since Citytrust is a failed institution, the court must determine whether the interest rate the plaintiff is using to calculate the alleged interest charges is reasonable. Unfortunately, the plaintiff has failed to present any evidence as to what interest rate it used to calculate the interest charges it is claiming. Clearly, the determination of what interest rate is used and whether it is reasonable is a material fact that would make a difference in the result of this case. Therefore as a matter of law, the plaintiff's motion for summary judgment should be denied.
Alternatively, the defendants have alleged in their first special defense that Citytrust should have applied a credit derived from checks which it wrongfully honored on the defendant William Hanson's checking account held at Citytrust and that this credit reduced or eliminated the balance owed on the note at issue. The defendant, William Hanson, avers to these same facts in his affidavit. The plaintiff has provided a copy of the Loan Sale Agreement between it and Consolidated Asset Recovery Corporation, the FDIC's agent, and copies of the demand letters dated October 11, 1996 mailed to the defendants by the plaintiff, which indicate the balance due on the note. (Plaintiff's Reply to Defendants' Objection to Plaintiff's Motion for Summary Judgment, Exhibits E and F.) In addition, the affidavits the plaintiff provided aver to the amount owed, but make no mention of the alleged credit. (Plaintiff's Memorandum in Support of Its Motion for Summary Judgment, Exhibit F, ¶ 12.) The plaintiff has submitted no other relevant, admissible evidence indicating the balance due on the note or how that amount was derived.[1]
Consequently, a genuine issue of material fact exists as to whether the defendants' alleged credit was applied.
The defendants move for summary judgment on the ground the CT Page 14824 plaintiff's complaint is fatally flawed because it neglects to allege proper demand for payment. The defendants argue that an allegation that demand for payment of the amount claimed due is a material allegation which the plaintiff fails to make. The defendants argue that failure to so allege is fatal to the plaintiff's cause of action, therefore, the court must grant them summary judgment. However, in the plaintiff's reply to the defendants' objection, the plaintiff argues that proper demand was given. The plaintiff attached copies of the demand letters dated October 11, 1996 mailed to the defendants. Alternatively, the plaintiff argues that, even if this demand is improper, no demand was required because the defendants waived the demand as indicated in the note and mortgage they signed.
It appears that the plaintiff has provided proper demand and, alternatively, the defendants have waived demand. "[W]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . . It is the general rule that a contract is to be interpreted according to the intent expressed in its language and not by an intent the court may believe existed in the minds of the parties. . . ." Dubinsky v. Citicorp Mortgage, Inc.,48 Conn App. 52, 57, 708 A.2d 226, cert. denied, 244 Conn. 926, ___ A.2d ___ (1998), quoting, Levine v. Massey, 232 Conn. 272, 277-79,654 A.2d 737 (1995). The note dated September 16, 1986 states that "Citytrust can decide without telling you, that all amounts you have agreed to pay must be paid at once. . . ." and "Giving UpCertain Formalities: The law says that certain formalities are to be performed before you and endorsers and guarantors can be charged on the Note. These are called `presentment,' `protest,' `notice of protest,' `dishonor,' `notice of dishonor,' and `demand.' These formalities can be given up. You and all persons endorsing or guarantying this Note agree that you and they give up all of these listed formalities." Certainly this language is a clear waiver of the defendants right to receive demand. Therefore, the defendants' motion for summary judgment is denied because the complaint is legally sufficient.
Further, the court denies the defendants' motion for summary judgment because the plaintiff's complaint is legally sufficient since the plaintiff was not required to plead that proper demand was made of the defendants.
Finally, in accordance with the foregoing, the plaintiff's motion for summary judgment is denied because a genuine issue of CT Page 14825 material fact exists as to what interest rate should be applied and whether that interest rate is reasonable and, alternatively, whether the credit the defendants allege was applied to either reduce or eliminate the amount on the note and mortgage at issue in this case.
WEST, J.