[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Plaintiff, The Cadle Company ("Cadle") moves for summary judgment against the defendant, Gary Ginsberg ("Ginsberg") in connection with this lawsuit that is based on Ginsberg alleged nonpayment of a $100,000 promissory note. A hearing on this motion was conducted on March 2, 1999. For the reasons set forth below, the motion for summary judgment is denied.
According to the Complaint, the note in question was signed by Ginsberg on October 11, 1991 and made payable to Great Country Bank. Thereafter, Great Country Bank assigned the note to Cadle. The note was one facet of a series of financial transactions involving Delco Development Company, Inc. ("Delco"). Among Delco's shareholders were Ginsberg, Robert Ginsberg and Dennis Nicotra. Delco borrowed two million dollars from Great Country Bank. This loan was guaranteed by, among others, Ginsberg, Robert Ginsberg and Dennis Nicotra. When Delco defaulted on the note, Great Country Bank sued Ginsberg and Robert Ginsberg. Dennis Nicotra was not named in this lawsuit. Great Country Bank settled its claim against Dennis Nicotra by entering a satisfaction agreement that involved the transfer of Nicotra's assets to Great Country Bank and other creditors. Ginsberg ultimately settled the Great Country Bank lawsuit by executing the note that is the subject matter of this lawsuit.
Cadle claims that there is no dispute about the fact that Ginsberg signed the note and the note has not been paid and that, therefore, Cadle is entitled to judgment as a matter of law. Ginsberg asserts that, among other defenses, there was fraud in the inducement in the execution of the note because Great Country Bank did not disclose to Ginsberg the settlement with Dennis Nicotra at the time Ginsberg signed the note. Ginsberg further asserts that Cadle is not a holder in due course and therefore the fraud defense may be raised against Cadle. With respect to the summary judgment motion, Ginsberg claims that genuine issues of ract exist as to both Cadle's status as a holder in due course as well as the fraud defense.
In response to Ginsberg's asserted defenses, Cadle claims that even if there is an issue about Cadle's status as a holder CT Page 3750 in due course, Ginsberg's defenses should nevertheless be rejected. Cadle points to the case of Cadle Co. v. RobertGinsberg, 51 Conn. App. 392 (1998), in support of its position. That case concerned a suit on the note that Robert Ginsberg signed in order to settle the suit brought by Great Country Bank. The trial court's decision in favor of Cadle Company was affirmed by the Appellate Court. Id., 409.
Despite the authority of Cadle Co. v. Robert Ginsberg, resolution of this case on summary judgment is inappropriate. First, different parties are involved so that notions of resjudicata do not apply. Second, in Cadle Co. v. Robert Ginsberg, the trial court found that Cadle Co. was a holder in due course as to the Robert Ginsberg note and therefore defenses that could be raised as to Great Country Bank were inapplicable as to it.Id., 397, 402, 403. In this lawsuit, there exist genuine issues of material fact as to whether Cadle Co. was a holder in due course of the Gary Ginsberg note, and therefore application of the defenses must be presumed. Finally, whether there was fraud in the inducement by Great Country Bank involves issues of fact that are material to the disposition of this lawsuit. To be sure, this fraud claim was rejected in other related cases. See CadleCo. v. Robert Ginsberg, supra 405-406; (Great Country's failure to disclose Nicotra settlement did not constitute a misrepresentation of material facts); Mechanics and FarmersSavings Bank v. Delco, 232 Conn. 594, cert. denied. 516 U.S. 930
(1995) (agreement to satisfy Nicotra debts cannot legally or equitably be applicable to another debtor). Notwithstanding these decisions, Ginsberg is entitled to present his case to the trier of fact.
Since there exist issue of material fact as to (1) whether Cadle is a holder in due course and (2) whether there was fraud in the inducement in the signing of the note, summary judgment should not be granted. Accordingly, Cadle's motion for summary judgment is denied.
So Ordered at New Haven, Connecticut this 8th of March, 1999.
Devlin, J. CT Page 3751