[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
The foregoing Motion for Summary Judgment having been duly heard and reviewed, it is hereby ORDERED that said Motion be: GRANTED.
Memorandum of Decision Re: Motion for Summary Judgment #119.
Events occurring post-default cannot form the bases of an affirmative defense to foreclose because they do not render the note itself invalid or unenforceable. This court adopts the reasoning and opinions expressed by F. Owen Egan v. U.S.Magistrate in the U.S. District Court of Connecticut, Civil Action No. 3:95CV0491, First National Association, as Trusteev. Dwight Owen Scheitzer, et al.
A copy of that decision is attached.
BY THE COURT: Walsh; John F.
 UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT
FIRST TRUST NATIONAL : ASSOCIATION, AS TRUSTEE, : Plaintiff : v. : CIVIL ACTION NO. : 3:95CV0491 (AHN) DWIGHT OWEN SCHWEITZER, ET AL, : Defendants, :
1/17/96. After review and over objection, the Magistrate Judge's Recommended Ruling is approved, adopted and ratified. SO ORDERED. Alan H. Nevas, U.S.D.J. CT Page 3031
 RECOMMENDED RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#30)
The plaintiff, First Trust National Association, As Trustee, has moved for summary judgment in this foreclosure action against the defendant, Pamela Blair Schweitzer, pursuant to Federal Rule of Civil Procedure 56. Because no genuine issue of material fact exists, and the affirmative defense raised by the defendant is invalid as a matter of law, the plaintiff's motion is GRANTED.
FACTS
Upon review of the submissions of the parties, the court finds the following facts. See Local Rule 9(c).
On August 22, 1988, Dwight Owen Schweitzer and Pamela Blair Schweitzer executed a promissory note to the Prudential Insurance Company of America (Prudential") in the principal amount of $390,000.00. On that same date the Schweitzers granted a mortgage to Prudential on real property located at 371 Simsbury Road, Bloomfield, Connecticut.
The Schweitzer note and mortgage was eventually sold and assigned by the Prudential Home Securities Company to the First Trust National Association on November 14, 1988.
Mr. Schweitzer transferred any interest in the mortgaged premises to Ms. Schweitzer by a quit-claim deed dated May 30, 1990. Thereafter, Ms. Schweitzer quit-claimed her interest in the property to the Schweitzer Family Limited Partnership by a deed executed on February 19, 1992.
On March 1, 1993, the Schweitzers defaulted on the payments, and under the terms of the note and mortgage the entire balance together with interest was declared due and payable.
Dwight Owen Schweitzer was discharged from bankruptcy on September 25, 1994. The plaintiff was granted relief from the automatic stay on October 31, 1994, to foreclose its mortgage on the Bloomfield property. CT Page 3032
On April 14, 1994, First Trust National assigned the asset to First Trust National, as Trustee ("First Trust"). On March 1, 1995, First Trust brought an action in the state court to foreclose on the Bloomfield property. The complaint named both Dwight Owen Schweitzer and Pamela Blair Schweitzer as defendants.
On March 16, 1995, the Schweitzers removed the suit to this federal court because the Federal Deposit Insurance Corporation ("FDIC"), as receiver of the Central Bank, was named as a party. See 12 U.S.C. § 1819(b)(1)(A). The FDIC is a junior encumbrancer by virtue of a mortgage given by the Schweitzers to Central Bank dated January 27, 1989. In an answer dated August 24, 1995, the defendant, Pamela Blair Schweitzer, raised as a affirmative defense the equitable doctrine of unclean hands. The defense is based on allegedly improper conduct on the part of plaintiff's attorney in litigating this foreclosure suit. The defendant's alleges:
 In the case at bar the Plaintiff does not have clean hands in that they sued the former husband of the Defendant knowing that he was no longer responsible for this debt having been previously discharged in bankruptcy on or about September 24th 1994. . . By improperly suing Dwight Owen Schweitzer in his personal capacity the Plaintiff has effectively prevented him from being able to refinance the subject property, in that this litigation has caused him injury to his credit which he is trying to rebuild as his name has now appeared in the Commercial record soon after being discharged in bankruptcy.
Defendant's Answer, ¶ 4-5.
On page 3 of the memorandum of law in objection to the motion for summary judgment, the defendant states:
 Despite Dwight Owen Schweitzer's having been discharged in bankruptcy, the plaintiff filed a Motion for Relief from the Automatic Stay with the U.S. Bankruptcy court for the District of Connecticut on October 31, 1994. However, by this time all of Mr. Schweitzer's dischargeable debts CT Page 3033 had been discharged for more than a month. . . At the time the motion was filed, Mr. Schweitzer was not a record owner of the property in question, and the protections of the U.S. bankruptcy laws barred the plaintiff from proceeding against this particular defendant.
The factual allegations supporting the defendant's affirmative defense are focused on the plaintiff's conduct after the Schweitzer's defaulted on their obligations under the note and mortgage.
LEGAL STANDARD
As the moving party, First Trust has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record it believes demonstrate the absence of a genuine issue of material fact. See Latimer v. Smithkline FrenchLaboratories, 919 F.2d 301, 303 (5th Cir. 1990), citingCelotex Corp. v. Catrett, 477 U.S. 317 (1986). In cases where there is an absence of evidence to support an essential element of a defense "there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the [defendant's affirmative defense] necessarily renders all other facts immaterial." Federal Deposit Insurance Corporation v.Giammettei, 34 F.3d 51, 54 (2nd Cir. 1994).
Where, as here, a motion for summary judgment is supported by affidavits and other documentary evidence, the party opposing the motion must set forth specific facts showing that there is a genuine, material issue for trial.See King Service, Inc. v. Gulf Oil Corp., 834 F.2d 290, 295
(2nd Cir. 1987). The defendants cannot defeat First Trust's motion by merely presenting a metaphysical doubt, conjecture or surmise concerning the facts. See Matsutshita ElectricIndustrial Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome ofthe suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby,Inc., 477 U.S. 242, 248 (1986) (emphasis added).
DISCUSSION
CT Page 3034
The defendant argues the inequitable conduct of the plaintiff in litigating this suit should serve as a bar to the foreclosure of the mortgaged property in Bloomfield. The Schweitzer's affirmative defense is insufficient under Connecticut law.
Generally, the only affirmative defenses to a foreclosure action in Connecticut are payment, discharge, release, satisfaction or invalidity of a lien. SeePetterson v. Weinstock, 106 Conn. 436, 441 (1927);Connecticut Savings Bank v. Reilly, 12 Conn. Sup. 327 (1944). However, "Because a mortgage foreclosure is an equitable proceeding, the trial court may consider all relevant circumstances to ensure complete justice is done." Reynoldsv. Ramos, 188 Conn. 316, 320 (1982).
Courts have recognized certain equitable defenses to foreclosure, when they "attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder." Morgan Guaranty Trust Co. v. Davis,
1995 WL 656769 (Oct. 27, 1995, Nadeau, J.); NationalMortgage Co. v. McMahon, 9 CSCR 300 (Feb. 18, 1994, Celotto, J.); Great Country Bank v. Kiely, 1995 WL 625917 (Jan. 19, 1995, Curran, J.). "The rationale behind this limitation is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." CitizensMortgage Corp. v. Perez, 1995 WL 656887 (Nov. 2, 1955, Stodolink, J.).
The defense of unclean hands to a mortgage foreclosure has generally been disallowed in this state. See Mechanics Farmers Savings Bank, FSB v. Delco Development Co., Inc.,43 Conn. Sup. 408, 420 (1993); Gateway Bank v. RacquetballSpa Inc., 10 CTLR 170 (Nov. 15, 1993, Lager, J.). However, some courts have recognized it as a valid defense where it is directed at the validity or enforceability of the note and mortgage.
In Morgan Guaranty Trust Co. v. Nadeau, 1995 WL 656769 (Oct. 27, 1995, Nadeau, J.), the defendant-mortgagor raised as a special defense the doctrine of unclean hands. The defendant alleged that the plaintiff's failure to act in CT Page 3035 good faith in a prior bankruptcy proceeding should serve as an equitable bar to foreclosure.
Granting plaintiff's motion for summary judgment, the court concluded, "The alleged failure by the plaintiff to act in good faith in the bankruptcy proceeding is not a special defense in the present action because it does not `attack the making, validity or enforcement of the lien,' but instead relates to the subsequent actions of the plaintiff." Id.
Similarly, in Citizens Mortgage Corporation v. Perez,
1995 WL 656887 (Nov. 2, 1995, Stodolink, J.), the mortgagor-defendant alleged unclean hands as a special defense, based on the plaintiff's failure to abide by a loan workout agreement. The court struck the special defense as legally insufficient because it was predicated on the conduct of the mortgagee subsequent to the execution of the note and mortgage.
In Glastonbury Bank Trust Co. v. Corbett ConstructionCo., Inc., 7 CTLR 519 (October 15, 1992), the defendant-mortgagor raised a special defense based on slanderous statements made after the defendant's default on the mortgage. The court struck this special defense because it did not arise out of the transaction at issue, namely the execution of the mortgage in favor of the plaintiff and the subsequent default by the defendant.
The Schweitzers argue that an equitable defense predicated on the mortgagee's less than scrupulous litigation strategy is valid because it relates to the "enforcement" of the lien.
Yet, to successfully assert the doctrine of unclean hands as an affirmative defense to foreclosure, the mortgagor must allege inequitable conduct occurred during the actual transaction, meaning prior to the default by the mortgagor. Events occurring post-default and during the course of litigation cannot form the basis of an affirmative defense to foreclosure because they do not render the note itself invalid or unenforceable.
Because the defendant's affirmative defense is predicated on events occurring post-default and challenges a CT Page 3036 subsequent act by the lienholder it fails as a matter of law. Furthermore, the defendant does not raise a material question of fact regarding the plaintiff's right, as a holder of the note and mortgage in default, to foreclose on the subject property.
CONCLUSION
The plaintiff's motion for summary judgment is GRANTED.
Any objections to this report and recommendation must be filed with the Clerk of Courts within ten (10) days of receipt. Failure to object within ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure, Rule 2 of the Local Rules for United States Magistrates;Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).
Dated at Hartford, Connecticut, this 19th day of December, 1995.
F. Owen Eagan United States Magistrate Judge