[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#124)
August 16, 1996, the plaintiff, Monument Realty, Inc., filed an amended complaint seeking foreclosure of a construction mortgage deed dated December 7, 1992, encumbering certain property commonly known as 160-170 Torrington Road, Winchester, CT Page 1368 Connecticut, and foreclosure of a mortgage dated December 7, 1992, encumbering property commonly known as lot #1, Stadler Heights, Torringford Street, Winchester, Connecticut. The mortgages secure a promissory note from the defendants, Philip and Judith Youmatz and Netto, Inc., in favor of Northwest Bank for Savings. The plaintiff is the successor in interest to Northwest Bank for Savings.
The defendants filed an answer to the amended complaint on September 16, 1996. In their answer the defendants alleged five special defenses. In the first special defense they allege that the plaintiff breached the implied covenant of good faith and fair dealing when it provided confidential, derogatory and inaccurate information regarding the defendants' business to third parties, thereby causing the defendants to lose the opportunity to obtain financing necessary to continue its business. The second special defense alleges that because of the dissemination of confidential information the plaintiff has unclean hands. The third special defense alleges that the plaintiff tortiously interfered with the defendants' ability to perform their obligations on the note and mortgage by dissemination the confidential information. In the fourth special defense the defendants request relief under the doctrine of marshalling of assets. The fifth special defense alleges that the plaintiff's claim for post-acceleration late charges is insufficient as a matter of law.
Pursuant to Practice Book § 152, the plaintiff filed this motion to strike all of the defendants' special defenses. The plaintiff moves to strike on the grounds that the special defenses do not relate to the making, validity and/or enforcement of the note and mortgage, the equitable rule of marshalling assets is not a valid special defense to a foreclosure action, and the pursuit of post-acceleration late charges is also not a valid special defense to a foreclosure action.
As required by Practice Book § 155, the plaintiff has filed a memorandum in support of its motion to strike, and the defendants have timely filed a memorandum in opposition.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint, counterclaim, or cross complaint to state a claim upon which relief can be granted." Waters v. Autouri, 236 Conn. 820, 825, 676 A.2d 357
(1996). Pursuant to Practice Book § 152(5) a plaintiff can also CT Page 1369 move to strike a special defense. See Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 368 (1978). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint"; Id.; and the grounds specified in the motion. Blancato v. FeldsparCorp., 203 Conn. 34, 44, 522 A.2d 1235 (1987). "The motion to strike admits all facts well pleaded." Mingachos v. CentralBroadcasting Systems, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164." Grant v. Bassman, 221 Conn. 465,472-73, 604 A.2d 814 (1992).
Special Defense — One, Two and Three
The defenses available in a foreclosure action are "payment, discharge, release, satisfaction or invalidity of a lien." HansL. Levi, Inc. v. Kovacs, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 056101 (5 Conn. L. Rptr. 260, 261, November 4, 1991, Pickett, J.) First Federal v.Kakaletris, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 130826 (11 Conn. L. Rptr. 113, February 23, 1994, Karazin, J.); Shawmut Bank v. Wolfley, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 130109 (9 CSCR 216, January 24, 1994, Dean, J.); CiticorpMortgage, Inc. v. Kerzner, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 036379 (8 Conn. L. Rptr. 229, January 15, 1993, Curran, J.). In some cases however, "[b]ecause a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done." Reynoldsv. Ramos, 188 Conn. 316, 320, 449 A.2d 182 (1982). Accordingly, courts have permitted defendants to raise certain equitable defenses such as mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure, refusal to agree to a favorable sale to a third party, usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. See Fleet Bank v. Barlas,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No 518205 (12 Conn. L. Rptr. 32, June 29, 1994 Aurigemma, J.); Donza v. Depamphilis, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 517276 (9 CSCR 472, April 7, 1994, Aurigemma, J.); First Federal v.Kakaletris, supra, 11 Conn. L. Rptr. 113; National Mortgage Co.CT Page 1370v. McMahon, Superior Court, judicial district of New Haven at New Haven, Docket No. 349246 (9 CSCR 300, February 18, 1994, Celotto, J.); Shawmut Bank v. Wolfley, supra, 9 CSCR 216; CiticorpMortgage, Inc. v. Kerzner, supra, 8 Conn. L. Rptr. 229.
Equitable special defenses are permitted but they are limited to those which "attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder." National Mortgage Co. v. McMahon, supra, 9 CSCR 300. "The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." Id. 300-01.
The allegations, in the first second and third special defenses, that the plaintiff's dissemination of confidential, derogatory and inaccurate information resulted in the defendants being unable to perform their obligation under the note and mortgage does no attack the making, validity or enforcement of the note or mortgage. Moreover, the doctrine of unclean hands has generally been disallowed as a special defense in a foreclosure action. First National Bank of Chicago v. Davis,
Superior Court judicial district of Stamford-Norwalk at Stamford, Docket No. 147070 (April 30, 1996, Hickey, J.);Mechanics and Farmers Savings Bank v. Delco Development Company,Inc., 43 Conn. Sup. 408, 656 A.2d 1075, aff'd, 232 Conn. 594,656 A.2d 1034 (1995) Milford Bank v. Barbieri, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 43315 (August 30, 1994, Curran, J.); Shawmut Bank v. Carriage HillEstates, Inc., supra; Founders Bank v. Belbusti, Superior Court, judicial district of New Haven, Docket No. 314379 (December 27, 1993, Booth, J.); Gateway Bank v. Racquetball Spa, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 302425 (September 27, 1993, Lager, J.); Bristol Savings Bank v.Miller's Chevrolet, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 514407 (October 19, 1992, Aurigemma, J.). It has been recognized as a valid defense only where it is directed at the validity or enforceability of the note and mortgage. Norwich Savings Society v. Hunter,
Superior Court, judicial district of New London at Norwich, Docket No. 108808 (16 Conn. L. Rptr. 454, April 2, 1996, Walsh, J.). CT Page 1371
Therefore, this court finds these special defenses legally insufficient, and accordingly, grants the plaintiff's motion to strike as to the defendants' first, second and third special defenses.
Special Defense — Four
"The basis of the doctrine of marshalling is that, where on creditor has security on two funds of his debtor, and another creditor has security for his debt on only one of those funds, the latter has right in equity to compel the former to resort to the other fund, if it is necessary for the satisfaction of both creditors, provided it will not prejudice the rights or interests of the party entitled to the double fund, nor do injustice to the common debtor, nor operate inequitably on the interests of other person . . . [T]he principle ordinarily applies only to secured creditors." (Citations omitted; internal quotation marks omitted.) Greenwich Trust Co. v. Tyson,129 Conn. 211, 227-28, 27 A.2d 166 (1942).
"While [the marshalling] defense by a mortgagor has been allowed in some states, 53 Am.Jur.2d Marshalling Assets, § 30, no Connecticut court has so held in fact, one Connecticut case has stricken the defense by a mortgagor. Birnberg v. Bachelder,
Superior Court, judicial district of New London at New London, Docket No. 529214 (August 5, 1994, Leuba, J.)." Founders Bank v.Kogut Enterprises, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 537451 (14 Conn. L. Rptr. 357, May 25, 1995, Satter, S.T.R.). The defendants have presented the same argument set forth in Birnberg v. Bachelder.
In that cased, the debtor argued that the plaintiff should look to commercial premises to satisfy the debt before it looks to residential premises. The court held that because the debtor was not another creditor, it was not the type of limited circumstance in which the doctrine of marshalling applies. This court finds that the special defense of marshalling assets is legally insufficient when used by a mortgagor. Accordingly, the plaintiff's motion to strike the fourth special defense is granted.
Special Defense — Five
The Appellate Court has held that a plaintiff may not recover late charges once the note has been accelerated and demand for payment has been made on the defendants. FederalCT Page 1372Deposit Ins. Corp. v. Napert-Boyer Partnership,40 Conn. App. 434, 443 (1996).
Nevertheless, pursuant to Practice Book § 164, the defendants must allege facts that demonstrate that the plaintiff has no cause of action. The fact that the plaintiff is not allowed post-acceleration interest does not show that the plaintiff is precluded from foreclosing on the property at issue. Moreover, the amount of the debt is determined at the time the motion for judgment is heard. Founders Bank v. KogutEnterprises, Inc., supra. However, in calculating that debt the plaintiff will not be allowed post-acceleration interest. Because the defendants have not plead a valid special defense, the plaintiff's motion to strike is granted as to the fifth special defense.
For the foregoing reasons, the plaintiff's motion to strike the defendants' special defenses to the plaintiff's amended complaint is granted.
PICKETT, J. T. R.