[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this foreclosure action, the plaintiff Fairway Asset Management, Inc. moves for a deficiency judgment against defendants Mutual Communications Associates Inc., Richard T. DeMarsico, Robert Rossman, Jerome Terracino and Guardian Systems, Inc. The defendants Terracino and Guardian filed three special defenses, a counterclaim and cross claims against Rossman as to the deficiency claim. The court heard testimony on this motion over two days. The parties submitted memoranda of law by September 20, 1999.
The Federal Deposit Insurance Corporation (FDIC) brought this action in three counts. The first count seeks a foreclosure of the mortgage securing the note as the defendant Mutual Communications Associates, Inc. In the second count, the plaintiff seeks damages under and breach of four individual CT Page 13800 guaranty agreements guaranteeing the note of the first count. The defendants DeMarsico, Rossman, Terracino and Guardian Systems are the guarantors/defendants. The third count alleges a security in collateral of the first named defendant.
On December 16, 1996 a judgment of foreclosure by sale entered. That judgment was opened and a judgment of strict foreclosure entered with law days commencing March 25, 1997. Prior to this judgment JLM Services Corporation succeeded the FDIC as plaintiff, and title vested in JLM when defendant Mutual failed to redeem its equity. JLM filed this motion for deficiency on April 1, 1997.
It is not disputed that while this motion was pending JLM assigned the note, guaranties and deficiency claim to Andrew J. Buzzi Jr., Trustee, who assigned them to Consolidated Asset Management, who assigned them to the present plaintiff Fairway Asset Management.
The crucial elements of the plaintiffs case are not in dispute. The debt is undisputed in the amount of $312,319.26 as of August 26, 1999 plus interest. While the plaintiffs appraiser determined the value of the property on the date title became absolute to be $135,000 ($37,000 attributed to the land and $97,000 to the improvements) the plaintiff and defendants Terracino and Guardian stipulated to a value of $151,500.
The special defenses as amended allege facts that occurred subsequent to the judgement of strict foreclosure. Accordingly, they could not have been raised and decided at the foreclosure hearing. See Bank of Stamford v. Alaimo, 31 Conn. App. 1, 9-10
(1993). In those three special defenses, these defendants claim that enforcement of the note is inequitable because Rossman breached his fiduciary duty to these defendants by his role in the assignment of the note to a limited liability company owned by his wife and his attorney. They further allege that the plaintiff failed to pursue a mortgage held on Rossman's property to reduce the deficiency claim and that this failure breached a fiduciary duty owed to Terracino and Guardian and amounted to inequitable conduct. In the final special defense, these defendants allege that the note is not enforceable because it was assigned after judgment entered and law days passed. These defendants also assert a counterclaim and cross complaint based upon the facts underlying the special defenses and requesting a judgment that the plaintiff and its predecessors may not enforce CT Page 13801 the note except to claim equitable proportionate contribution toward funds actually paid on behalf of Rossman for the note or a judgment declaring the not null and void.
As to the third special defense, Connecticut law does not support this defense, and the court rejects it. Federal DepositInsurance Corporation v. Retirement Management Group Inc.,31 Conn. App. 80 (1993).
The Court finds the following facts by a fair preponderance of the evidence. Andrew J. Buzzi, Jr., attorney and friend of defendant Rossman made efforts in June of 1997 to negotiate a purchase of the note, mortgages and deficiency by Rossman from JLM Services Corporation. These efforts were unsuccessful. On July 7, 1997, Buzzi as trustee purchased the note, guarantees and deficiency claim from JLM. On July 23, 1997, Buzzi as trustee sold the same to Consolidated Asset Management, LLC, whose officers were Buzzi and Catherine Rossman, wife of defendant Rossman. Because Rossman was Buzzi's client in July 1997, Buzzi wrote a letter of disclosure of this transaction to Rossman on July 23, 1997. Rossman signed the letter, acknowledging the disclosure and seeking a continuance of the attorney client relationship with Buzzi. Catherine Rossman formed Consolidated Asset to protect the joint assets. She intended to pursue a judgement against Guardian and Terracino. Consolidated Asset sold the note, guarantees and deficiency to the present plaintiff, Fairway Asset, in October 1998. Rossman never owned the note. There was no evidence of an agreement with Fairway Asset not to pursue judgment against Rossman.
The thrust of the defense here is that when Rossman's wife and attorney formed a limited liability corporation to purchase the note and deficiency, they were acting on Rossman's behalf. With this premise, they argue that Rossman's actions constitute a breach of fiduciary duty owed to these defendants that is now attributable to the present plaintiff, who is not a holder in due course. They also argue that under the common law, this deficiency should be either extinguished or replaced.
There is not sufficient evidence for this court to find that either Buzzi or Catherine Rossman were acting as agents for Rossman. Buzzi's letter to Rossman does not support this argument as to Buzzi. As to Catherine Rossman, the evidence is not sufficient under the law. CT Page 13802
"Marital status cannot in and of itself prove the agency relationship. " Botticello v. Stefanovicz, 177 Conn. 22, 26
(1979); see also Lovesky v. Zeligzon, 20 Conn. App. 139, 144
(1989). "It [is] but one circumstance to be considered bearing upon the issue." Cyclone Fence Co. v. McAviney, 121 Conn. 656,659 (1936). "[T]he three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking. Restatement (Second), 1 Agency § 1, comment b (1958)."Botticello v Stefanovicz, supra, 177 Conn. 25. The mere fact that a wife receives the benefit of her husband's acts does not raise a presumption of agency. Cyclone Fence Co. v. McAviney, supra,121 Conn. 660. ("notwithstanding the fact that all the consideration of the debt became an accession to the wife's separate estate, this burden of proof as to agency rested upon the plaintiff").
The marital relationship and the benefit to Rossman standing alone are insufficient to create a presumption that his wife was acting as his agent.
Because the Court concludes that neither Rossman nor his agents purchased the note, guarantee and debt, it need not address the defendant's arguments premised on the opposite conclusion.
To the extent there is a claim of inequitable conduct by this plaintiff or its predecessors in not pursuing a mortgage on Rossman's guaranty, this is not a valid defense in this proceeding. "[D]eficiency proceedings are not, and never have been, independent actions on the debt. Rather, they are part of the main foreclosure suit. . . . A deficiency proceeding is not a separate statutory cause of action, but [is] a statutory procedure that is part of, and complementary to, the traditional and equitable common law action of strict foreclosure." (Internal quotation marks omitted.) Ferrigno v. Cromwell DevelopmentAgency, 44 Conn. App. 439, 444 (1997), aff'd 244 Conn. 189
(1998).
"At common law, the only defenses to an action of this character (foreclosure action) would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien." Peterson v. Weinstock, 106 Conn. 436, 441
CT Page 13803 (1927). Since then, courts have allowed equitable defenses that attach the making, validity or enforcement of the note or mortgage. The Appellate Court's decision in SouthbridgeAssociates, LLC v. Garofalo, 53 Conn. App. 11, cert. denied,249 Conn. 919 (1999) is pertinent here. In that case, the plaintiff was the assignee of two promissory notes secured by mortgages. The two defendants, who were mortgagor and guarantor respectively, defaulted on the loan and the plaintiff brought an action for foreclosure. The defendants pleaded in a special defense and counterclaim that the plaintiff and the plaintiff's predecessors in interest breached their fiduciary duties to the defendants by assigning the notes to the plaintiff.
The court noted that "our courts have permitted several equitable defenses to a foreclosure action." Id., 15. The court then discussed the applicability of the defense of breach of fiduciary duty: "The defendants . . . argue that the trial court improperly granted the motion for summary judgment because there were genuine issues of material fact as to whether the plaintiff and its predecessors in interest breached their fiduciary duties to [the defendant]. Specifically, the defendants claim that a fiduciary relationship was breached when [the mortgagee] assigned the notes and mortgages to the plaintiff because [the mortgagee was] committed to being [the defendant's] partner in his business dealings." (Internal quotation marks. omitted.) Id., 17. "[T]he trial court properly concluded that . . . summary judgment was proper because the defense did not relate to the making, validity or enforcement of the notes and mortgages. Any fiduciary relationship claimed by the defendants would relate to the relationship between [the mortgagee], not the plaintiff, and [the defendant]. The plaintiff merely purchased the notes and mortgages after they were executed; the plaintiff was not in any way involved in executing the documents." Id., 19. The present case presents nearly identical circumstances. The defendants have pleaded unclean hands, based on a breach of fiduciary duty not by the plaintiff, but by the plaintiffs predecessor in interest.
Furthermore, "[t]he defense of unclean hands to a mortgage foreclosure has generally been disallowed in this state."Mechanics Farmers Savings Bank, FSB v. Delco Development Co.,43 Conn. Sup. 408, 420 (1993), aff'd, 232 Conn. 594 (1995); see also Monument Realty v. Youmatz, supra, 18 Conn. L. Rptr. 589;First National Bank of Chicago v. Davis, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 147070 (April 30, 1996, Hickey, J.); Milford Bank v. Barbieri, Superior CT Page 13804 Court, judicial district of Ansonia-Milford at Milford, Docket No. 43315 (August 30, 1994, Curran, J.); Gateway Bank v.Racquetball Spa, Inc., Superior Court, judicial district of Fairfield at Fairfield, Docket No. 302425 (September 27, 1993, Lager, J.) (8 C.S.C.R. 1084).
The motion for deficiency judgment is granted. Terracino and Guardian have not met their burden of proof on their counterclaim and cross claims. The plaintiff shall prepare a worksheet within ten days of notice of this decision, following which the court will issue a supplemental decision as to the amount of the deficiency.
DiPentima, J.