[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING RE: MOTION TO STRIKE
By motion dated May 26, 1999, the plaintiff moves to strike the four special defenses to the complaint. The motion was argued on October 18, 1999. The plaintiff claims that all four defenses are legally insufficient in this foreclosure action.
Practice Book § 10-39 provides in pertinent part, "[w]henever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." SeeConnecticut National Bank v. Voog, 233 Conn. 685, 354-55 (1995);Nowak v. Nowak, 175 Conn. 112, 116 (1978); Girard v. Weiss,43 Conn. App. 397, 417, cert. denied, 239 Conn. 946 (1996).
Further, in considering this motion, the court is obliged to CT Page 15046 "take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536 (1992).
The first special defense sounds in fraudulent inducement; the second sounds in the equitable claim of unclean hands and estoppel; the third defense alleges a breach of the implied duty of good faith and fair dealing. The fourth defense claims that the plaintiff engaged in deception and fraudulent lending practices.
"At common law, the only defenses to an action of this character (foreclosure action) would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien." (Citation omitted.) Peterson v. Weinstock,106 Conn. 436, 441 (1927). Since then, courts have allowed equitable defenses that attach the making, validity or enforcement of the note or mortgage.
Furthermore, "[t]he defense of unclean hands to a mortgage foreclosure has generally been disallowed in this state."Mechanics Farmers Savings Bank, FSB v. Delco Development Co.,43 Conn. Sup. 408, 420 (1993), aff'd, 232 Conn. 594 (1995); see also Monument Realty v. Youmatz, Superior Court, judicial district of Litchfield, Docket No. 071092 (February 18, 1997, Pickett, J.) (18 Conn. L. Rptr. 589); First National Bank ofChicago v. Davis, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 147070 (April 30, 1996, Hickey, J.); Milford Bank v. Barbieri, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 043315 (August 30, 1994, Curran, J.); Gateway Bank v. Racquetball Spa, Inc.,
Superior Court, judicial district of Fairfield at Fairfield, Docket No. 302425 (September 27, 1993, Lager, J.) (8 C.S.C.R. 1084).
The defendants incorporate the allegations of their first special defense into the remaining three defenses. Those allegations read:
 1. The plaintiff, at all times relevant to and prior to the defendants' application for a mortgage on or about March 26, 1991, held the mortgage on real estate which the defendants sought to purchase from Mona and Marvin Aronow, D/B/A The Cornwall Inn, and which is the subject of the present foreclosure CT Page 15047 proceedings. At or about the time of the defendants' mortgage application, the plaintiff had begun foreclosure proceedings because the defendants' predecessors were in default of their mortgage obligation to the plaintiff. Said predecessors (Mona and Marvin Aronow) were also behind in other business obligations relating to The Cornwall Inn which at that time was on the verge of failure and/or bankruptcy. The plaintiff was familiar with the Aronow's financial woes and knew of the poor condition of the real estate and its facilities when it commissioned Bruce Hunter to prepare an appraisal of said premises in preparation of its foreclosure action against the Aronows. Said appraisal was submitted to the plaintiff on or about April 22, 1991, and indicated a fair market value of $240,000.00
 2. Being faced with a foreclosure action against the Aronows and anticipating a financial loss in said foreclosure action, the plaintiff concealed the foreclosure proceeding from the defendants, concealed the existence of the Hunter appraisal and arranged for a second appraisal to suit and a purchase price of the Inn for $650,000.00.
 3. The intent and purpose to the second appraisal ordered by the plaintiff from Rogers Associates was to inflate the value of the Inn to $550,000.00 and conceal the amount of Hunter's appraisal which would have disqualified the purchase price of $650,000.00 or the plaintiffs loan of $350,000.00 based on the permissible loan to value ratio.
 4. The defendants filed a loan application with the plaintiff on or about March 26, 1991, and thereafter supplied to the plaintiff financial information, their financial projections for the business, and information supplied by the sellers on their profit margins earned for the Inn. Based on the foregoing facts and confidences, the plaintiff assumed special duties toward the defendants in arranging for the financing and in overseeing the defendants' formulation and execution of their business plans to purchase and operate said Inn for profit.
 5. Through the described doings, the plaintiff undertook a fiduciary relationship to arrange the financing for the purchase and operation of the Inn and to implement the defendants' business plans and projections based on facts and information which was supplied to the defendants by the plaintiff and its agents and based on facts and information which was concealed and withheld by the plaintiff. CT Page 15048
 6. The plaintiff intentionally and fraudulently concealed and failed to disclose the facts described in the foregoing paragraph when it knew that such facts would justifiably induce the defendants to purchase said Inn and finance the same with the plaintiff under the described terms and conditions when it had a duty to exercise reasonable care to disclose the material facts upon which the defendants relied to enter into said transaction.
 7. The plaintiff fraudulently induced the defendants to purchase The Cornwall Inn and to incur the debt created by the debt and mortgage obligations described in the plaintiffs Complaint.
In their first special defense, the defendants allege that the plaintiff fraudulently concealed and failed to disclose certain facts from the defendants. In the fourth special defense, the defendants rely on their factual allegations of this first special defense and claim that the plaintiff engaged in deception and fraudulent lending practices.
"A failure to disclose can be deceptive only if, in light of all the circumstances, there is a duty to disclose." NormandJosef Enterprises, Inc. v. Connecticut National Bank,230 Conn. 486, 523 (1994). Here, there are insufficient facts as alleged to establish that the plaintiff owed the defendants a duty to disclose a foreclosure proceeding involving the property and the existence of an appraisal. Although the special defense alleges a fiduciary relationship, the allegation is premised on the allegations of nondisclosure. There is no automatic fiduciary relationship established between a bank and a lender. SeeSouthbridge Associates, LLC v. Garofalo, 53 Conn. App. 11, 19, cert. denied, 249 Conn.. 919 (1999) ("Generally there exists no fiduciary relationship merely by virtue of a borrower lender relationship between a bank and its customer"). Accordingly, the court strikes the first and fourth special defenses.
In the second special defense, the defendants allege that the acts set forth in the first special defense form the basis of a defense of unclean hands and equitable estoppel. The law of Connecticut on this defense is most recently stated inConnecticut National Bank v. Voog, supra, 233 Conn. 352, where the court noted,

CT Page 15049 Under our well established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act that belief; and the other party must change is position in reliance on those facts, thereby incurring some injury. It is fundamental that a person who claims an estoppel must show that he has exercised due diligence to know the true state of things but also lacked any reasonably available means of acquiring knowledge. (Citations omitted; internal quotation marks omitted).
Id., 366-67.
Here the special defense of equitable estoppel lacks any allegation of the defendants' lack of knowledge and availability to gain such knowledge as to foreclosure (a matter of public record) or the appraisal. Accordingly, this second defense is stricken.
In their third special defense, the defendants claim that, based upon the facts alleged in the first special defense, the plaintiff breached its duty of good faith and fair dealing. In order for the defendants to establish a breach of good faith and fair dealing, the defendants must show that the alleged breach would lead to a result contrary to the terms of the contract.
 An implied covenant of good faith and fair dealing is essentially a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy. (Citations omitted.)
Eis v. Meyer, 213 Conn. 29, 36-37 (1989). In this special defense, from the facts alleged one cannot infer a covenant of good faith and fair dealing that would conform with the express language of the contract between the parties. The defense contains no allegation of a breach of any express terms of the note or mortgage. This third special defense is stricken as legally insufficient.
For the foregoing reasons, the motion to strike is granted. CT Page 15050
DiPentima, J.