FEDERAL DEPOSIT INSURANCE CORPORATION *v.*
JOHN J. KEATING ET AL.
(15262)

Lavery, Schaller and Hennessy, Js.

Submitted on briefs January 29—officially released March 25, 1997

*Richard P. Weinstein, Kerry M. Wisser, Peter B. Rustin, Gail P. Ferris* and *John L. Laudati* filed a brief for the appellants (defendants).

*Alexander Aponte* filed a brief for the appellee (plaintiff).

LAVERY, J. The defendants appeal from the judgment rendered for the plaintiff after a hearing in damages. The defendants claim that the trial court improperly granted judgment in favor of the plaintiff where there was no admissible evidence as to the principal amount of the debt, the rate of interest or the rate and reasonableness of substituted interest, and the amount of interest claimed. We reverse the judgment and remand the case to the trial court for further proceedings.

The trial court could have reasonably found the following facts. On October 2, 1987, the defendants, John T. Keating and Neal J. Landerman, executed a demand note in the amount of $250,000 payable to the order of Landmark Bank. The terms of the note provided that the defendants were to pay interest on the unpaid balance monthly, commencing November 1, 1987, until the note was paid off or demand was made on the note.

On January 9, 1990, the defendants executed another demand note in the amount of $50,000 payable from Keating Landerman Enterprises to the order of Landmark Bank. This note provided for the payment of principal and interest on demand.

Both notes called for an interest rate of 1.5 percent over the base rate of Landmark Bank. The notes also authorized the bank to change the interest rate on the loans as the base rate changed. The notes stated that the base rate was "the rate we usually quote to our most responsible and credit worthy customers. . . ."

On March 28, 1991, Landmark Bank was declared insolvent and the plaintiff, the Federal Deposit Insurance Corporation (FDIC), was appointed as receiver. On December 2, 1993, the FDIC brought an action against the defendants for collection on both demand notes.

On October 12, 1994, the trial court granted summary judgment for the FDIC as to liability only. On September 13, 1995, after a hearing in damages was held, the trial court awarded the FDIC $428,331.56 plus costs.[1]

The defendants contend that the trial court improperly found for the FDIC because no admissible evidence was presented in regard to the amount of the outstanding debt and the computation and reasonableness of the interest. We agree.

This court recently addressed this issue in *Central Bank* v. *Colonial Romanelli Associates*, 38 Conn. App. 575, 662 A.2d 157 (1995). In *Central Bank*, the FDIC, which was appointed the receiver for a failed bank, brought a collection action against the makers of a promissory note. In that case, just as in the present case, the sole witness for the FDIC was an FDIC credit specialist. In *Central Bank*, the FDIC attempted to introduce evidence of the debt through Ralph Edwards, one of its credit specialists. The court stated: "Edwards based his testimony on Central's and FDIC's computer records. He had no personal knowledge of the reliability

---

[1] The $428,331.56 is comprised of the principal on both of the notes ($250,000 and $50,000), interest ($104,804.82 and $19,389.74) and attorney's fees ($4137). The court also awarded $405.80 in costs.

of the computer system but merely accessed it and used the information obtained therefrom. The computer records were not admitted into evidence. Because Edwards was not responsible for entering the data in the computer and had no opinion concerning the accuracy of the records or how they were created, his testimony lacked a proper foundation and should not have been admitted. *State* v. *Barnes*, 232 Conn. 740, 747, 657 A.2d 611 (1995); see 1 C. McCormick, Evidence (4th Ed. 1992) § 10, pp. 37–40.

"Moreover, because Edwards was not testifying from his personal knowledge, his testimony was hearsay and should not have been admitted. Hearsay is defined as a statement made out-of-court that is offered to establish the truth of the facts contained in the statement. *State* v. *Jaynes*, 35 Conn. App. 541, 548, 645 A.2d 1060, cert. denied, 231 Conn. 928, 648 A.2d 880 (1995). Edwards was testifying from computer records created and controlled by others. Because the computer records were not in evidence, testimony about their contents, by a witness without personal knowledge of the contents, is hearsay. *Bell Food Services, Inc.* v. *Sherbacow*, 217 Conn. 476, 488–89, 586 A.2d 1157 (1991).

"Because the contents of the computer records were at issue, the records themselves were the best evidence of the amount of the debt and the interest calculation. Accordingly, they should have been admitted into evidence before Edwards was permitted to testify concerning their contents. See *Coelm* v. *Imperato*, 23 Conn. App. 146, 150, 579 A.2d 573, cert. denied, 216 Conn. 823, 581 A.2d 1054 (1990). Without the admission of the records into evidence, Edward's testimony, as to their content, was hearsay and should not have been admitted." *Central Bank* v. *Colonial Romanelli Associates*, supra, 38 Conn. App. 579–80.

The facts of the present case are similar to the facts of *Central Bank*. In the present case, the only witness

for the FDIC at the hearing in damages was James Golden, an FDIC credit specialist. Golden was assigned to this case in March, 1995, by the FDIC. Golden testified as to the amount of principal and interest that the FDIC believed was due on the notes through an affidavit of debt. Golden, however, did not provide any substantiation or testimony as to the basis for the FDIC's calculation of the principal amount of the debt and the interest rate used. Golden's testimony concerning the principal amount of the debt and computation of the interest was based solely on computer records that were not admitted into evidence. Golden also stated that he was not the individual who had entered the data concerning the amount of the debt into the FDIC computer. In addition, Golden admitted to not having personal knowledge of the pertinent facts concerning the demand notes. Therefore, on the basis of on our holding in *Central Bank* v. *Colonial Romanelli Associates*, supra, 38 Conn. App. 580, we conclude that this witness' testimony concerning the amount of the outstanding debt should not have been admitted.

The trial court also awarded interest on the alleged debt without having before it any evidence as to what interest rate the FDIC used to calculate the debt and whether that rate was reasonable. "When a variable interest rate is based on the rate of a failed institution, the trial court must determine whether the substitute rate is reasonable by examining the documents and testimony offered by the [FDIC]." Id., 578.

In the present case, the trial court stated that the FDIC substituted the prime rate as published in the Wall Street Journal for the Landmark base rate. Golden testified, however, that he did not know the substituted rate of interest that had been used by the FDIC in regard to the two notes in this case. Furthermore, no evidence was presented concerning the reasonableness of the

rate used by the FDIC. There was no basis in the evidence for the trial court's findings. See id.

The judgment is reversed and the case is remanded for a new hearing in damages.

In this opinion the other judges concurred.