[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both of these cases involve the foreclosure of a judgment lien on property owned by the defendant, Ronald J. Disette, and located at 467 Pacific Street, Stamford.[1] There are two cases because there are two CT Page 6876 separate judgment liens. The first lien was filed in the Stamford Land Records on December 19, 1991, by Colletto Brothers, Inc. (Colletto), in the principal amount of $11,451.83, and that case bears the docket number ending in "2." The second lien was recorded in the Stamford Land Records on March 2, 1993 by Genovese Industries (Genovese) in the amount of $14,998.61, and that case has the docket number ending in "1."
The cases were tried to the court on August 13, 1998. Disposition, however, was stayed because the defendant, who had previously been discharged of personal liability under Chapter 7 of the Bankruptcy Code, petitioned the Bankruptcy Court to avoid or extinguish the judicial liens being foreclosed in these actions. On May 2, 2000, the plaintiff, Continental Mortgage Banking, LTD., filed an affidavit that the bankruptcy action was no longer pending as that court declined to extinguish the judgment liens sought to be foreclosed. Hence, these cases may now be adjudicated by this court.
At the trial before this court in 1998, the plaintiff presented certified copies of the underlying judgment obtained by Genovese, the judgment lien filed in the Stamford Land Records, and the assignment of said lien to the plaintiff.[2] The parties stipulated to the amount of the Colletto lien and the admissibility into evidence of the Colletto judgment, judgment lien and the assignment thereof to the plaintiff on October 30, 1997, which is recorded in Volume 4861 at page 323.
Thus, the plaintiff, as the holder of said liens, is entitled to a foreclosure of its two liens unless the defendant is determined to have proved any one or more of his special defenses. These defenses were contained in his amended answer of July 30, 1998. Certain of these special defenses were not briefed and hence are deemed abandoned.Brunswick v. Inland Wetlands Commission, 29 Conn. App. 634, 638,617 A.2d 466 (1992). ("[c]laims mentioned but not adequately briefed are deemed abandoned.")
However, the defendant did brief and claims to have proved the following: (1) there was improper abode service of process in the underlying case in which Colletto obtained judgment because the defendant no longer lived at the address where the sheriff left such process; (2) the plaintiff failed to conform to General Statutes § 52-380a (c), which requires that an execution issue and be unsatisfied before a judgment lien may be foreclosed; (3) the plaintiff did not comply with Practice Book § 23-18 which requires that a "preliminary statement of the plaintiff's monetary claim" be filed five days before a hearing on a motion to foreclose a mortgage; (4) the plaintiff brought these proceedings only to "coerce, harm and embarrass" the defendant, "with little hope of receiving any money," and in an attempt to force the CT Page 6877 defendant to settle another lawsuit; and (5) the witness for the plaintiff lacked knowledge of the amount of the debt in violation ofFederal Deposit Ins. Corp. v. Keating, 44 Conn. App. 556, 690 A.2d 429
(1997).
As to the first defense, the underlying judgments entered in 1993. The defendant is attempting at this time to mount a collateral attack on these judgments. The judgments were opened or set aside, and hence the judgment liens based thereon are valid.
General Statutes § 52-380a (c) provides that "No action to foreclose a judgment lien filed pursuant to this section may be commenced unless an execution may issue pursuant to section 52-356a." This latter section refers to an execution "against the nonexempt personal property of the judgment debtor." In this case, the defendant was discharged in bankruptcy of personal liability so an execution against his personal property would not issue. Hence, General Statutes § 52-380a (c) is not applicable to these cases.
Reliance on the notification of the debt provision in Practice Book § 23-18 is misplaced because that section refers to "any action to foreclose a mortgage." Secondly, even if this section was applicable to judgment liens, the amount of the defendant's indebtedness was challenged by the claim of payment. Practice Book § 23-18 refers to foreclosures where no defense has been interposed as to the amount of the debt. Finally, these actions have not yet been claimed for the foreclosure short or motion calendar. These actions presently before the court are aimed at ascertaining the validity of the judgment liens, and the foreclosure court will determine the manner of foreclosure. If the plaintiff believes that this provision of the Practice Book is relevant, despite the wording of the rule which applies only to foreclosures of mortgages, it will have the opportunity to send a preliminary statement of the monetary claim to the defendant.
The plaintiff was required to prove it was the holder or owner of the two judgment liens and its motive in seeking to foreclose the liens is immaterial as is its chance of eventually recovering any money from the foreclosure.
The amount of the debt was established satisfactorily in the Genovese case by the introduction into evidence of the judgment lien that was recorded in the land records. In the case of the Colletto lien, as noted previously, the parties stipulated to the amount thereof. As said inWebster Bank v. Flanagan, 51 Conn. App. 733, 746, 725 A.2d 975 (1999), "The witness in Keating had no familiarity with the computer system, nor did he have an opinion as to the accuracy of the information contained CT Page 6878 therein." In these present cases, the amount of the debt was established by the judgment liens themselves and the business records exception to the hearsay rule, General Statutes § 52-180, is not involved. Moreover, the defendant was unable to show that any payments were made to the assignors or to the plaintiff with respect to the two judgments in issue.
Hence, this court believes that the defendant did not prove any of his special defenses and that judgment should therefore enter in favor of the plaintiff to foreclose its two judgment liens. The judgment debt as to the Cellotto lien is found to be $11,451.83 and $14,998.61 for the Genovese lien as of January 27, 1993. These cases should now be claimed for the foreclosure short or motion calendar, and the foreclosure court will determine the type of foreclosure, the sale or law date, the exact amount of the debts, including interest and fees, the market value of the liened premises, and any other matter necessary to carry out the foreclosure.
So Ordered.
Dated at Stamford, Connecticut, this 12th day of June, 2000.
William B. Lewis, Judge