[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#109)
This foreclosure action was brought by the plaintiff, Nusbaum Parrino, P.C., against the defendant,[1] Diane Harrick. The plaintiff's complaint alleges the following basic facts. The plaintiff is a professional corporation organized and existing under the laws of Connecticut with an address in Westport, Connecticut. The plaintiff is CT Page 918 the owner and holder of the mortgage and note which is the subject of this action. On November 9, 1994, Kenneth Harrick, now deceased, was indebted to the plaintiff in the amount of $43,000.00, as evidenced by a mortgage note dated November 9, 1994. To secure the indebtedness, the defendant executed a mortgage deed dated November 9, 1994 on a parcel of property located in Norwalk (the premises), and on that same date, the mortgage deed was recorded in the Norwalk land records. The plaintiff is the owner of the note and the mortgage. Payment under the note is in default and the debt is now due and unpaid. A lis pendens dated May 26, 2000, was filed on the land records of the city of Norwalk.
The defendant filed an answer to the complaint and the following six special defenses: (1) unclean hands; (2) fraud and/or negligence and/or innocent misrepresentation, in the inducement; (3) breach of the covenant of good faith and fair dealing; (4) invalid instrument; (5) forged signature; and (6) lack of consideration. In addition, the defendant Harrick filed a counterclaim of recoupment.
The plaintiff filed the present motion for summary judgment as to liability only, on the ground that there is no genuine issue of material fact regarding liability and the plaintiff is entitled to judgment as a matter of law. The plaintiff filed a memorandum of law and documentary evidence in support of its motion. In response, the defendant filed a memorandum of law in opposition to the plaintiff's motion, accompanied by supporting documentary evidence.
"A summary judgment . . . may be rendered on the issue of liability alone, although there is a genuine issue as to damages." Practice Book § 17-50.[2] A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appletonv. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000).
To make out a prima facie case in this foreclosure action, the plaintiff must show that there is no genuine issue of material fact as to its ownership of the note and mortgage and the defendant's default on the CT Page 919 note. Webster Bank v. Flanagan, 51 Conn. App. 733, 750-51, 725 A.2d 975
(1999) (plaintiff must prove ownership and default to make out a prima facie case); Federal Deposit Ins. Corp. v. Cantore, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 164815 (June 6, 2001, Hickey, J.) (same). In addition, the plaintiff must show that there is no genuine issue of material fact that it has satisfied any condition precedent to foreclosure mandated by the terms of the mortgage deed. See Citicorp Mortgage, Inc. v. Porto, 41 Conn. App. 598, 602,677 A.2d 10 (1996) (any condition precedent created by mortgage deed "must be satisfied prior to foreclosure."); see also New England SavingsBank v. Bedford Realty Corp., 246 Conn. 594, 611, 717 A.2d 713 (1998) ("[t]he terms of the mortgage determine the necessary elements of the plaintiff's prima facie case.").
As noted above, the complaint alleges that the plaintiff is the owner and holder of the note and the mortgage and furthermore, that payment under the note is in default and the debt is now due and unpaid. (Complaint, ¶¶ 1, 5, 7.) In support of its motion for summary judgment, the plaintiff submitted a certified copy of the mortgage deed[3] and the mortgage note,[4] each of which is dated November 9, 1994 and executed in favor of the plaintiff (Plaintiff's memorandum, Exh. B: mortgage deed and note.) The plaintiff also submitted a certified copy of a quitclaim deed indicating that on November 9, 1994, Kenneth Harrick, now deceased, conveyed the extent of his interest in the premises to the defendant. (Plaintiff's memorandum, Exh. A: quitclaim deed.) Furthermore, the plaintiff submitted an affidavit of Edward Nusbaum, an officer of the plaintiff, averring: that the plaintiff is the owner of the mortgage note and mortgage deed; that payment under the mortgage note is in default; and that the debt secured by the mortgage note is due and remains unpaid. (Nusbaum affid., ¶¶ 8, 9.) This court finds that the evidence submitted by the plaintiff is sufficient to show ownership and default, as well as satisfaction of conditions precedent to foreclosure mandated by the terms of the mortgage deed.[5] For these reasons, this court concludes that the plaintiff has made out a prima facie case for foreclosure.
Where the plaintiff has made out a prima facie case, the court must only determine whether the special defenses asserted by the defendant are legally sufficient[6] before granting summary judgment. Beal Bank,F.S.B. v. Brown, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 180773 (May 22, 2001, Hickey, J.) ("[w]here there is no special defense to the plaintiff's prima facie case, there is no genuine issue of material fact as to the defendants' liability and the plaintiff is therefore, entitled to judgment as a matter of law."); see also Lasalle National Bank v. Shook, Superior Court, judicial district of CT Page 920 New London at New London, Docket No. 549266 (July 13, 2000, Martin, J.),
aff'd, 67 Conn. App. 93, ___ A.2d ___ (2001); Mechanics Savings Bank v.Walker, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 500701 (March 13, 1995, Corradino, J.)
(14 Conn.L.Rptr. 129). As noted above, the defendant has asserted several special defenses.
The defendant's first special defense alleges that the plaintiff is barred by the doctrine of unclean hands,[7] in that the plaintiff's foreclosure action is dependent upon the plaintiff's own violations of the Rules of Professional Conduct, specifically, Rules 1.5 (regarding lawyer's fees) and 8.4 (regarding professional misconduct). Similarly, in the defendant's memorandum, she argues that her special defense of unclean hands raises genuine issues of material fact which preclude summary judgment.[8] Additionally, the defendant filed an affidavit in which she attests to various facts in support of the special defense of unclean hands.
"At common law, the only defenses to an action of this character would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien." Southbridge Associates, LLC v. Garofalo,53 Conn. App. 11, 15, 728 A.2d 1114, cert. denied, 249 Conn. 919,733 A.2d 229 (1999). Nevertheless, "several equitable defenses to a foreclosure action" have been permitted by the courts. Id. This court notes that "[t]he defense of unclean hands to a mortgage foreclosure has generally been disallowed in this state." See e.g., Mechanics FarmersSavings Bank, FSB v. Delco Development Co., 43 Conn. Sup. 408, 420,656 A.2d 1075 (1993) (citing a number of Superior Court decisions), aff'd, 232 Conn. 594, 656 A.2d 1034, cert. denied, 516 U.S. 930,116 S.Ct. 735, 133 L.Ed.2d 235 (1995). However, the defense has been recognized as a valid defense when it relates to the making, validity or enforcement of the mortgage. See Boretz v. Segar, 124 Conn. 320, 323-24,199 A. 548 (1938) (unclean hands defense in mortgage foreclosure is limited to "the transaction under consideration" or "the matter in litigation"). Furthermore, where a plaintiff's cause of action to foreclose on a mortgage grows out of, depends upon or is inseparably connected to its own prior inequitable conduct, the defense has been recognized as valid. See Thompson v. Orcutt, 257 Conn. 301, 304-05,311-14, 777 A.2d 670 (2001) (although original transaction creating mortgage was not tainted with wrongful conduct, doctrine applied because plaintiff's cause of action to foreclose on mortgage was directly and inseparably connected to his prior fraud on bankruptcy court))
In Thompson v. Orcutt, supra, 257 Conn. 301, the Supreme Court of Connecticut explained that "an action to foreclose a mortgage is an equitable proceeding. . . . It is a fundamental principle of equity CT Page 921 jurisprudence that for a complainant to show that he is entitled to the benefit of equity he must establish that he comes into court with clean hands. . . . The clean hands doctrine is applied not for the protection of the parties but for the protection of the court. . . . It is applied not by way of punishment but on considerations that make for the advancement of right and justice. . . . The doctrine of unclean hands expresses the principle that where a plaintiff seeks equitable relief, he must show that his conduct has been fair, equitable and honest as to the particular controversy in issue. . . . Unless the plaintiff's conduct is of such a character as to be condemned and pronounced wrongful by honest and fair-minded people, the doctrine of unclean hands does not apply." (Citations omitted; internal quotation marks omitted.) Id., 310.
"Because the doctrine of unclean hands exists to safeguard the integrity of the court. where a plaintiff's claim grows out of or depends upon or is inseparably connected with his own prior fraud, a court of equity will, in general, deny him any relief . . . The doctrine generally applies only to the particular transaction under consideration, for the court will not go outside the case for the purpose of examining the conduct of the complainant in other matters or questioning his general character for fair dealing. The wrong must . . . be in regard to the matter in litigation. . . . Though an obligation be indirectly connected with an illegal transaction, it will not thereby be barred from enforcement, if the plaintiff does not require the aid of the illegal transaction to make out his case."[9] (Brackets omitted; citations omitted; emphasis added; internal quotation marks omitted.) Id., 310-11.
"In addition, the conduct alleged to be unclean must have been done directly against the interests of the party seeking to invoke the doctrine, rather than the interests of a third party." Id., 311. However, the rule that the wrong must be done to the party against whom relief is sought is subject to an exception, which is that where the public interest is involved, the wrong does not have to be solely directed at the defendant. See id., 314-319. "The doctrine of unclean hands is not one of absolutes . . . It is not a judicial straightjacket." (Citations omitted; internal quotation marks omitted.) Id., 314. "Because the doctrine is founded on public policy, [it] may be relaxed on that ground." (Internal quotation marks omitted.) Id., 314-15, citing Cohenv. Cohen, 182 Conn. 193, 204, 438 A.2d 55 (1980); see also S EContractors, Inc. v. United States, 406 U.S. 1, 15, 92 S.Ct. 1411,31 L.Ed.2d 658 (1972) ("[w]here a suit in equity concerns the public interest as well as the private interests of the litigants, [the doctrine of unclean hands] assumes even wider and more significant proportions."); Precision Co. v. Automotive Co., 324 U.S. 806, 814,65 S.Ct. 993, 89 L.Ed. 1381 (1945) (doctrine of unclean hands presupposes refusal by court of equity to be "the abettor of iniquity."); CT Page 922Dunlop-McCullen v. Local 1-S, AFL-CIO-CLC, 149 F.3d 85, 90 (2d Cir. 1998) ("doctrine of unclean hands also may be relaxed if [the] defendant has been guilty of misconduct that is more unconscionable than that committed by [the] plaintiff").
In this case, the defendant's first special defense alleges, among other things, that the plaintiff is barred by the doctrine of unclean hands, as follows: The alleged underlying indebtedness relied upon by the plaintiff is an alleged indebtedness of Kenneth Harrick, now deceased,[10]
to the plaintiff. The alleged indebtedness relates to legal services that the plaintiff purportedly performed for Kenneth Harrick in connection with a dissolution of marriage action brought by the defendant against Kenneth Harrick in 1992. During the entire course of the dissolution litigation, the plaintiff was aware, or should have been aware, that Kenneth Harrick was mentally disabled and incompetent to manage his own affairs, by reason of his addiction to heroin.[11] The plaintiff took unfair, unconscionable and unethical advantage of Kenneth Harrick, by running up the time and expenses associated with its representation of him, far beyond what was reasonable and warranted under all the circumstances, and/or the plaintiff wrongfully charged Kenneth Harrick for services not performed, in violation of Rule 1.5 of the Rules of Professional Conduct (regarding lawyer's fees).
Furthermore, the defendant's special defense alleges that the plaintiff's acts, in purportedly obtaining Kenneth Harrick's signature on the promissory or mortgage note and in having said note secured by the mortgaged deed, were acts of professional misconduct, as defined by Rule 8.4 of the Rules of Professional Conduct,[12] in one or more of the following five ways: First, the plaintiff knew or had sufficient information that it should have known that its client, Kenneth Harrick was under an acute mental disability in that he was so addicted to heroin that he could not manage his financial and business affairs. Notwithstanding the foregoing, the plaintiff knowingly acquired a security or other pecuniary interest adverse to its client, in that it acquired a promissory or mortgage note purportedly signed by Kenneth Harrick, and a security interest in a parcel of property in which Kenneth Harrick had an equitable interest.[13] The transaction and terms on which the plaintiff acquired the interest were not fair and reasonable to its client, and the amount charged was unfair, improper and unethical. The terms of such transaction were not fully described and transmitted in writing by the plaintiff to Kenneth Harrick in a manner which could have been reasonably understood by him, especially under his mental disability arising from his heroin addiction.
Second, the defendant alleges that the plaintiff acquired the promissory or mortgage note and security interest without advising Kenneth CT Page 923 Harrick, in writing, that he should seek the advice of independent counsel in the transaction, and without giving him a reasonable opportunity to do so. Third, the defendant alleges that because the plaintiff knew or had reason to know that Kenneth Harrick had a severe mental disability, specifically, his acute heroin addiction, the plaintiff had a professional obligation to insure that Kenneth Harrick had a guardian ad litem or conservator appointed for him, and/or that he had competent independent counsel, before the plaintiff purportedly obtained Kenneth Harrick's signature on the promissory or mortgage note and acquired a security or pecuniary interest adverse to its client, and the plaintiff's failure to do so was an act of professional misconduct. Fourth, the defendant alleges that because of the plaintiff's legal representation of Kenneth Harrick and because of Kenneth Harrick's mental disability caused by his acute addiction to heroin, which addiction the plaintiff knew or should have known rendered Kenneth Harrick incompetent, the plaintiff had a fiduciary obligation to Kenneth Harrick which it wrongfully breached by overcharging him for legal services and obtaining a security interest adverse to his interests in the manner in which it did so.
Fifth and finally, the defendant's special defense of unclean hands alleges that at the time of the dissolution, the most significant asset owned by Kenneth Harrick or the defendant was the subject premises, a commercial property, which was in Kenneth Harrick's name alone. The plaintiff knew that Kenneth Harrick was mentally disabled and unable to properly review the plaintiff's bill or make business or legal decisions for himself, because of his acute heroin addiction and then current use of heroin. The plaintiff wrongfully and improperly threatened the defendant that unless she signed the mortgage deed in the plaintiff's favor, the plaintiff, who had control over its mentally disabled client, would not tell its client to quitclaim ownership of the premises to the defendant, and in light of these and other circumstances, the defendant signed the mortgage deed under duress.[14]
In light of the foregoing, this court finds that the defendant's special defense of unclean hands is legally sufficient. This court finds that the alleged acts of the plaintiff's misconduct, including the alleged violations of Rules 1.5 and 8.4 of the Rules of Professional Conduct, raise questions regarding, among other things: (1) the capacity or competence of Kenneth Harrick at the time that he purportedly executed the promissory or mortgage note in the plaintiff's favor;[15] (2) whether the defendant executed the mortgage deed in favor of the plaintiff under circumstances constituting duress;[16] and consequently, (3) whether the plaintiff's foreclosure action is directly and inseparably connected to, or dependent upon, the plaintiff's own unconscionable, unethical or other wrongful conduct. CT Page 924
This court notes that the allegations of misconduct raised by the defendant's special defense were allegedly perpetrated by the plain tiff against both Kenneth Harrick and against the defendant, at a time when the plaintiff was purportedly acting on behalf of Kenneth Harrick and engaging in the practice of law in Connecticut. To the extent that the conduct alleged to be unclean was not done directly against the interests of the defendant, this court notes that where the public interest is involved, the wrong does not have to be solely directed at the defendant to justify application of the unclean hands doctrine. See Thompson v.Orcutt, supra, 257 Conn. 314-319 (although conduct alleged to be unclean was not done directly by plaintiff to defendants, court held that plaintiff's fraud in bankruptcy court implicated important public policy interest justifying application of unclean hands doctrine to bar plaintiff's foreclosure action). In this case, this court finds that the allegations of the plaintiff's wrongful conduct towards persons other than the defendant sufficiently implicate an important public interest which could justify application of the doctrine of unclean hands on public policy grounds.[17] "No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. These maxims are dictated by public policy, [and] have their foundation in universal law administered in all civilized countries." Id., 316, quotingBird v. Plunkett, 139 Conn. 491, 496-97, 95 A.2d 71 (1953); see alsoSolomon v. Gilmore, 248 Conn. 769, 785, 731 A.2d 280 (1999) ("[i]n case any action is brought in which it is necessary to prove [an] illegal contract in order to maintain the action, courts will not enforce [the contract], nor will they enforce any alleged right directly springing from such contract."); Billington v. Billington, 220 Conn. 212, 222-23,595 A.2d 1377 (1991) (marital dissolution agreements constituting "fraud on the court . . . [are] contrary to public policy and unenforceable.").
In summary, this court finds that the plaintiff has made out a prima facie case in this foreclosure action. However, this court finds that the defendant's special defense of unclean hands is legally sufficient. Consequently, this court finds that there are genuine issues of material fact which preclude this court from determining that the plaintiff is entitled to judgment as a matter of law. Therefore, this court finds that this action is inappropriate for resolution by summary adjudication. Accordingly, the plaintiff's motion for is hereby denied.
HICKEY, J.